JAMES M. SHIVERS, executor, plaintiff in error, *vs.* ARM-STEAD GOAR, *et al.*, defendants in error.

Where there was a legacy in a will "to revert to the testator's estate and then over to his daughter," in case the legatees should sue to compel an account for the testator's acts as the guardian of the legatees, and the legatees accepted the legacy and enjoyed it for six years, and there was no fraud or mistake proven:

*Held,* That the legatees are estopped from suing to compel the account.

Construction of Wills.   Estoppel.   Before Judge HAR-RELL.   Webster Superior Court.   March Term, 1870.

The Ordinary of Stewart county sued, (for the use of Armstead Goar and Abner F. Goar,) James L. Shivers, as the executor of Pharis Goar, deceased, upon a bond given by Pharis Goar, as the guardian of said Armstead and Abner F.

and their sister. Several defenses were filed. The only one important here, is that there could be no recovery for said usees because they had accepted a certain legacy under the will of Pharis Goar, deceased, upon certain terms therein stated and were thereby estopped to make any claim against his estate, etc. This will more fully appear by reference to the evidence.

Plaintiff's counsel read in evidence the returns of Pharis Goar as administrator of one Levin Goar, by which it appeared that Pharis Goar had received certain money and property for said wards and had charged them with property delivered, board, etc., about balancing the accounts. These returns embraced 1843, 1846 and intermediate years. Plaintiffs also proved the value of said usees' property for hire while Pharis Goar had it in hand as their guardian and offered evidence to show that they had worked for Pharis Goar, and sought thus to balance the charge for their board.

The defendant introduced the will of Pharis Goar, executed in 1857, by which he gave almost all of his property to his daughter, gave a portion to his wife, and then by the 6th and 7th items devised as follows:

"6th. I give and bequeath to my grandsons, Armstead Goar and Abner Goar, the following lands, to wit: All of lot number 50, in the 19th district of said county, which I have not heretofore deeded to William C. Daniel and James M. Shivers, and all that part of number 51 in said county and district, which lies south of the path leading from the house occupied by my said grandsons to the spring and north east of the road leading from their house to Wm. C. Daniels, together with two acres round the house, west of the road.

7th. The lands heretofore bequeathed to my grandsons Armstead and Abner, is to revert to my estate and become the property of my daughter Willison G. Goar, if the said Abner and Armstead Goar, or either of them, shall attempt to break this my will or to interfere in any way therewith, or shall sue my estate for or on account of my having been guardian for them." The balance of his will was the appointment of his executors and a guardian for said daughter.

It was shown that in 1858, Armstead Goar, took possession of said land; that in 1859, he worked it and other land with Pharis Goar's slaves; that Pharis died in February, 1870, and that about that time, both of said grandsons took possession of said lands and have ever since had possession of them; he, Pharis Goar, said, in 1858, that he had given or would give said land to said grandsons, and it was shown that this land was worth $4 00 or $5 00 per acre. Defendant testified that he was unwilling to become executor of said Pharis Goar's will; that Armstead, being of age, promised to stand by the will, and not sue the estate, if defendant would become executor, and that in 1863, after Abner came of age, he promised to give him a receipt in full for all claims against Pharis Goar, as his guardian. There was other evidence, but as it related to points not noticed by this Court, it is immaterial here.

The Court charged the jury, that said plaintiffs were not concluded by said items in said will, from suing the executor of Pharis Goar, their guardian, although they went into possession of the lands bequeathed to them by said will, and had ever since remained in possession of it; that by bringing this suit, plaintiffs only forfeited their said legacy, and the same became the estate of said daughter, mentioned in said 7th item of the will, etc. The jury found for plaintiffs $1,021 36 and costs.

Defendant's counsel moved for a new trial upon the grounds, that the Court erred in said charge; that said verdict was contrary to the law and evidence, and other grounds not passed upon by this Court. The Court refused a new trial and that is assigned as error.

J. L. WIMBERLY and S. H. HAWKINS, by the Reporter, for plaintiff in error, cited Irwin's Code, section 2273; Miller *et al., vs.* Cotton *et al.,* 5th Ga., R., 3545.

C. B. WOOTTEN, HAWKINS & BURKE, for defendants.

Shivers *vs.* Goar.

McCay, J.

We are clear that there ought to be a new trial in this case. The legacy to these young men, was given to them distinctly upon condition that they would not press their claims against the testator's estate, for his acts as their guardian. After his death they accepted the legacy, took possession of it, and have had it now nearly ten years. We hold that they are estopped. It would be gross injustice to permit them to enjoy the legacy ten years, and, after perhaps wearing out the land, or finding it depreciated, to set up their claims, with accumulated interest and repudiate their own act of 1860. When they accepted the legacy, *that* closed their mouths. There is no pretense, that they acted under a mistake or that they were misled. It is a plain open case of taking a legacy upon condition that they would give up their claims, enjoying the legacy eight or ten years, and then repudiating their own act.

But admitting this was a condition subsequent, that these boys *always* were to have the right when they pleased to throw up the legacy and sue, are they not to account for the rents and profits of the land?

Those rents belong to the estate, it is the executor's duty to collect them, and he has a right to set them off against this claim. It is always the duty of the executor, to deliver over the estate to the legatees. If this land belongs, under the will, to the testator's daughter, it is the executor's duty to take care of it, rent it, until he can deliver it to her. The right to collect the rents is in him as executor. Much more is this offset good in this case, because except these boys, the daughter is the sole legatee; the gift to the wife is a mere charge on the property in her. Besides, we are satisfied that under the evidence as it appears in the record, the verdict ought to have been for the defendant.

The board of these boys was under the proof, always worth more than the negro hire; their brother-in-law fixes at $150 00 per year. There was not any year, under the evi-

dence, that the negro hire was this much, nor was there any evidence that either of the boys worked for the testator.

We put our judgment mainly, however, upon the ground that the legatees are estopped, by accepting and enjoying this legacy, from now bringing suit.

Judgment reversed.