## JOHNSON v. GRANTHAM.

The plaintiff having shown no title to the timber in controversy, the trial judge erred in granting the temporary injunction.

Submitted April 29, —Decided May 25, 1898.

Equitable petition. Before Judge Littlejohn. Sumter county. March 19, 1898.

*Cutts & Lawson,* for plaintiff in error.

SIMMONS, C. J.  It appears from the record, that J. W. Mashburn executed a will of which the parts here material are as follows: "For the natural love and affection toward my wife, Nancy R. Mashburn, I give and bequeath all of my estate, both real and personal, of every description, to have and to hold during her natural life, with the following disposition: . . . I appoint my beloved wife, Nancy R. Mashburn, my executrix to this my last will and testament. . . After the death of my wife, I constitute and appoint my sons, George D. and Thomas D. Mashburn, executors to this my last will and testament to be carried into effect after the death of my wife.  1st. Pay all the just debts. . . 3d. I direct my executors to divide my entire estate then remaining equally among my eight children then living, by cash sale or division of lots," (naming the children).  After the death of the testator, his widow made and executed a lease of the turpentine privileges of two lots of the land.  This lease was for three years, to commence at an agreed time in the future.  Before it went into effect, the widow died; whereupon the executors confirmed and continued the lease made by her, and received part of the money paid for such lease.  Thereafter, the executors advertised and sold the land at public sale, Holzendorf, agent for Johnson, the defendant, becoming the purchaser.  Johnson entered upon the land and commenced to cut the trees for cross-ties.  Grantham, to whom the lease had been transferred, filed an equitable petition for injunction, alleging that he had a perfect title to the turpentine privileges, that Johnson was cutting the trees for cross-ties, and that unless he was restrained the petitioner's damage would be irreparable.  He further alleged that at the tim_

Johnson purchased, he had notice of the lease and bought subject to it. To this petition Johnson demurred on the grounds, that it set forth no cause of action; and that it showed that plaintiff's title terminated upon the death of the widow who had only a life-estate, and did not show any authority in the executors to ratify the lease or that they had any authority to sell the land at private sale or to bind the land in any manner except as provided by law in such cases. The court overruled the demurrer. Johnson answered; and the court, after hearing the petition and answer and affidavits, granted the injunction.

Where one who claims title to land seeks to enjoin another from cutting the trees thereon, before an injunction can be granted, he must show at least some title to the land. Under the facts of this case, we think that Grantham showed no title whatever. It is true he claims under a lease from the widow, but in his petition he showed that the widow had only a life-estate in the land, and that the lease did not go into effect while she was in life. Had the widow lived, the lease would doubtless have been sufficient to convey title to the turpentine privileges, but when she died the lease terminated eo instanti. A life-tenant can not convey or lease property for a time extending beyond his own term. The petition also showed that the testator directed the executors, after the death of the widow, to distribute the estate equally among his children "by cash sale or division of lots." These instructions in the will were the law to the executors. They therefore had no power or authority to confirm the lease made by the widow. Their act of confirmation was void. When Johnson purchased the land at the executors' sale, he acquired the title of the testator. The fact that he purchased with notice of the lease does not estop him to take possession of the land and exercise over it acts of ownership, there being no competent legal evidence to warrant a finding that, in making the purchase, he recognized the validity of the lease or expressly contracted to take the land subject to the same. The fact that the executors did not sell to him for cash as directed by the will is a matter of no concern to Grantham; the latter's right to the relief for which he prays must depend upon his own title, and not upon the want of it in the defend-

ant.   Moreover, it appears that Johnson claims under a bond for titles from the executors, which contains no reference to any lease and makes no reservation respecting the same.   The lease, as we have shown, was absolutely void after the death of the widow, and gave no title or interest to the lessee.   One who purchases land held by another under such a void lease may, in our opinion, set up its invalidity, especially in a case like the present, where it does not appear that he paid any less for the land in consequence of the lease.   The plaintiff in the court below showed no title, and the judge erred in granting the injunction.

*Judgment reversed.   All concurring, Lewis, J., dubitante.*