## PUCKETT *v.* HEATON.

1. The charge of the court complained of virtually assumed as true a contention of the plaintiff as to which there was an issue of fact made by the defendant's contention respecting the same question. The issue made by these conflicting contentions, being one of fact, should have been submitted to the jury, and the court erred in assuming one to be true rather than the other.

2. One in possession of land under a bond for title, or under a verbal agreement with the owner by the terms of which the latter is to convey to him the land upon the payment of the purchase-price, is not such a bona fide holder of the land under adverse claim of title as to avail himself of the beneficial provisions of section 5587 of the Civil Code, declaring when one may set off the value of permanent improvements.

3. The jury found against the contentions of the defendant that he had paid the purchase-price of the land and was entitled to a conveyance; and it necessarily follows that he was not a bona fide holder of the land under an adverse claim of right. Consequently, even if the court erred in instructing the jury that in estimating the value of the improvements placed upon the land they should take into consideration the value of the improvements at the time they were made, and not at the time of the trial, this charge would not entitle the defendant in this case to a new trial, as the jury actually allowed the defendant to recover a certain sum as the excess of the value of the improvements over the mesne profits. For a similar reason the rejection of evidence which tended to show the value of the improvements at the time of the trial was not such error as entitles the defendant to a new trial.

4. The relevancy of certain notes to the issue made by the contentions of the parties, which were rejected when offered in evidence by the defendant, is not made to appear in the ground of the motion for new trial complaining of the rejection of this evidence; and consequently this court will not attempt to determine the admissibility of such evidence, as it would be necessary to examine other parts of the record to ascertain this, and such an examination will not be undertaken by the court to aid an incomplete ground of a motion for new trial.

            No. 2624.    FEBRUARY 28, 1922.

Complaint for land. Before Judge Irwin. Haralson superior court. March 12, 1921.

*Taylor Smith* and *M. J. Head,* for plaintiff in error.
*Griffith & Matthews,* contra.

ATKINSON, J. W. W. Heaton brought complaint for land against J. D. Puckett. Upon the trial of the case the jury found

in favor of the plaintiff, but allowed the defendant to recover $100 for valuable improvements made on the land. The defendant made a motion for new trial, which was overruled, and he excepted.

The defendant in this case did not deny that the legal title to the land was in the plaintiff, but he undertook to show that the plaintiff could not recover, because the defendant had an equitable title; and this claim of equitable title was founded on the fact that he had purchased the land from one Driver, giving his notes for the purchase-money and receiving a bond for title from Driver; that, being unable to· pay the notes as they fell due, he entered into a contract with the plaintiff, by the terms of which the latter was to purchase the land from Driver, take defendant's obligation for the payment of the purchase-money, give him a bond for title, and, when the purchase-price was paid, make him a deed to the land. Plaintiff in part admitted the agreement set up by the defendant, but claimed that he was to make deed to the defendant, not when he had finished paying the purchase-price of the land, but when he had ·paid the purchase-price of the land and his indebtedness. to the Waco Mercantile Company, of which the plaintiff was president. Thus, according to the plaintiff's statement of the agreement between himself and the defendant, upon the execution of which the land was to be conveyed by plaintiff to the defendant, there were two separate and distinct obligations imposed upon· the defendant, and a compliance with both was a ·prerequisite to the execution of the conveyance. The defendant insisted that he had complied with the agreement as it was actually entered into. There were certain notes executed, which purported to be for rent, but defendant claims that he did not know the contents of these notes; that he was an unlettered man, not able to read or write, and accepted the statement of the plaintiff as to the contents of the notes, alleging that the plaintiff said that they were purchase-price notes. There are other issues, collateral in their nature, raised in the case; but the foregoing statement of facts shows the substantial issue and the divergence of the claims of the plaintiff and defendant as to the essential features of the contract respecting the purchase of the land.

1. In charging the jury the court, after a partial statement of the contentions of the parties, gave them the following instructions: "I charge you that when the defendant pleads payment

— he sets up that he has paid the purchase-money and the indebtedness due to Heaton and the Waco Mercantile Company at the time this alleged contract was made,— the burden is upon him to satisfy you by a preponderance of the evidence that he has made this payment as he contends; that he has paid the old debts due the Mercantile Company and W. W. Heaton, at the time this trade was entered into. He must show you by a preponderance of the testimony that he has done that, just as though he was bringing a suit and occupied the position of plaintiff in the case." This charge was error, because it submitted to the jury the plaintiff's contention of the case as true, and as though there were no issue between the plaintiff and the defendant as to what were the actual terms of the agreement touching the conveyance of the land to the defendant. If the plaintiff's contention as to the actual terms of the agreement had been undisputed, the charge would not have been open to the criticism made upon it; but the defendant directly contradicted the plaintiff upon this controlling issue, and submitted evidence to sustain his contention, and the court should not have assumed as true the contention of one party and rejected that of the other party, but should have submitted their conflicting contentions to the jury.

2. It sufficiently appears from the statement of facts set forth above that the defendant, according to his own contentions, was in possession of the land under an agreement by the terms of which he was to have executed to him a conveyance of the land by the plaintiff when the claims of the latter for the purchase-money were paid. That being true, he was not in possession of the land under an adverse claim of title; and if he made valuable improvements upon the land but failed to pay the purchase-money for the property, he would not have the right, under the provisions of section 5587 of the Code of 1910, providing that a bona fide holder may set off the value of improvements and recover a verdict for the amount of the excess of the value of the improvements over the mesne profits, to recover such excess.

3, 4. The rulings made in headnotes 3 and 4 require no elaboration.　　　*Judgment reversed. All the Justices concur.*