SIMPSON, next friend, etc., *v.* POWELL & COMPANY.

HINES, J. Simpson, on October 17, 1917, conveyed by his warranty deed to his minor children a certain described tract of land. This deed contained these reservations, to wit: "The party of the first part hereby reserves for himself a life-interest in and to all property by this instrument conveyed, and the further right to sell and dispose of, in any manner, any or all of the timber on the lands conveyed herein, and to sell and dispose of any or all of the cattle in this instrument conveyed, or any increase thereof. The party of the first part makes this instrument as a deed, and it is his intention that it shall operate as such, being intended to convey a present interest with the postponement of the right of possession." On September 2, 1919, Simpson leased to one Gross all the timber, both dead and alive and standing, which would square six inches and up; and gave Gross, his heirs and assigns, the right to work and cut this timber until January 1, 1925, together with the right of egress and ingress for the purpose of cutting, hauling, and working said timber, but no cord-wood was to be cut. Gross assigned to Powell & Company this lease and all his rights thereunder. The mother of the minor children, grantees in the above-mentioned deed, in their behalf filed a petition to enjoin Powell & Company from cutting and removing this timber. On the hearing of this application for injunction the only issue submitted to the trial judge was whether Simpson, under the above reservations in his deed to the minor children, had the right to sell the timber on said land, or whether he had only a life-estate in this timber, and only such interest therein as a life-tenant in possession. The trial judge held and adjudged that Simpson had the right to sell the timber to Gross and his assigns, and refused to enjoin Powell & Company from cutting the same. To this judgment the plaintiffs excepted and assign error thereon. *Held:*

1. Properly construed this deed conveyed to the grantees therein title to, and a present interest in, the lands thereby conveyed, with the reservation of a life-estate in the grantor, and with the postponement of possession and enjoyment by the grantees until after his death; and with the reservation, in addition to this right of a life-estate, of the further right to sell and dispose of the timber on these lands. The clear purpose of the grantor was to reserve to himself greater rights than those which inhere in a life-tenant, as to the timber on the lands from which such estate is carved (Civil Code (1910), § 3666; *Dickinson* v. *Jones*, 36 *Ga.* 104), and to escape the perils of forfeiture of his life-estate by a sale of the timber. Otherwise, the reservation of the right to sell the timber would have been vain and useless, if the grantor thereby kept in himself no greater right to the timber than a life-tenant would have. He expressly refers to the right to sell the timber as a further right to those inhering in him as a life-tenant. It is permissible to vest the fee-simple title to timber in one person, and the fee in the land in others. *North Georgia Co.* v. *Bebee*, 128 *Ga.* 563 (57 S. E. 873).

2. The clause in this deed reserving to the grantor a life-estate in this land, and the clause reserving to him the right to sell the timber on the land, are not utterly inconsistent, but consistent. It is only where clauses are utterly inconsistent that the former prevails. Whenever it

is possible to ascertain the intention of the parties from the whole instrument, such intention shall be carried into effect. Civil Code (1910), § 4187. These two reservations are consistent one with the other, and with the estate conveyed to the grantees in this instrument.

3. The judge properly held that the title to this timber was in the defendants, and rightly refused to enjoin them from cutting it.

*Judgment affirmed. All the Justices concur.*

No. 4257. JUNE 16, 1924.

Petition for injunction. Before Judge Highsmith. Camden superior court. February 27, 1924.

*S. C. Townsend,* for plaintiff.

*McElreath & Wilkerson,* for defendants.