BOWLES *v.* WHITE, administrator.

No. 16918. JANUARY 11, 1950.

*Kenyon, Kenyon & Gunter,* for plaintiff in error.

*Johnson & Johnson, Sloan & Telford,* and *Sidney O. Smith Jr.,* contra.

CANDLER, Justice. Ed White, as administrator of Miss Pearl White's estate, brought a suit in the Superior Court of Hall County, Georgia, to recover from Mrs. Julia Rea Bowles an undivided one-half interest in a certain house and lot located in the City of Gainesville, and prayed for immediate possession of the same and for a decree of title. There was no prayer for rents or general relief. The defendant filed an answer and a cross-action. By her answer she admitted that the plaintiff is the administrator of Miss White's estate; that she is in possession of the property sued for; that she has paid no rent for the use of the property since May 31, 1948; that $600 per annum is its fair rental value; and that the plaintiff would be entitled to recover possession of the same except for these facts, which were set up in her cross-action: The house and lot in question originally belonged to her grandfather, James Henry White, and by his will it passed equally to her two maiden aunts, Misses Pearl and Mamie White. The defendant was reared by her grandparents and by her two aunts in the home here involved. Neither of her aunts ever married, and after the death of her grandparents she and her two aunts occupied the home alone. Miss Pearl White was never physically well, never had any employment outside of the home, and never earned any money. Miss Mamie White worked in a store at Gainesville until 1936. The de-

fendant, after finishing high school, worked in a ten-cent store, and her earnings were practically the only means of support which she and her two aunts had for a number of years. None of the other relatives helped her elderly aunts in any way. The defendant married on August 2, 1941, but she and her husband fixed up a room in the family residence and continued to live there to look after and care for her aunts. In February, 1942, the defendant and her husband moved out of the family residence, but she continued to look after her aunts and regularly "ministered" to their needs, even to the extent of neglecting her own home. In April, 1943, she and her husband moved back to the home of her aunts, so that she could better look after and care for them. They fixed up an apartment for their separate occupancy and regularly thereafter paid rent for the same and also contributed substantially, both in money and personal services, toward the care and support of her aunts. After the defendant's husband entered military service, she spent most of her time with her aunts, but continued to pay rent on her apartment to them and to make other monetary contributions to them for their maintenance. Miss Pearl White's physical condition gradually grew worse from about the middle of 1944 until her death on January 15, 1945. Miss Mamie White was not able to wait on her, and the defendant rendered her that constant care and attention which an elderly lady in her last illness requires. During that time, it was agreed by and between Miss Pearl White and the defendant that the defendant should have her interest in the home place (the property in controversy) upon her death in consideration for the personal services rendered and to be rendered her by the defendant, but Miss White died without making any written agreement as to this. The services rendered to the deceased by the defendant, especially during the last six months of her life, are reasonably worth $1500, and in the cross-action the defendant prayed for a judgment against the plaintiff for that amount.

The plaintiff filed a general demurrer and prayed that the defendant's answer and cross-action be stricken upon these grounds: (1) The answer and cross-action show no defense to the petition; (2) the allegations of the answer and cross-action are insufficient to show any reason why the plaintiff does

not have title to the property sued for; (3) the allegations contained in the answer and cross-action are insufficient to show any title in the defendant for the property sued for; and (4) the allegations of the answer and cross-action show that the plaintiff has title and the right of possession to the property sued for.

After the plaintiff's demurrer was presented, but before it was heard, the defendant amended her answer and cross-action by alleging these additional facts: After the death of Miss Pearl White in January, 1945, her surviving sister, Miss Mamie White, understood and believed that she owned all of the property in question; and the defendant thought so too, and Miss Mamie White continuously thereafter held possession of the same under a bona fide claim of right and title. After the defendant's husband was discharged from military service in 1946, the defendant informed Miss Mamie White that they planned to buy a lot and build them a home. Miss Mamie White asked the defendant to stay with and take care of her during the remainder of her life and to spend what money she and her husband had in repairing her home and that she would "see that her homeplace went to the defendant as her own when the said Miss Mamie White died." The defendant accepted this proposition, and she and her husband in good faith, believing at the time that her aunt, Miss Mamie White, owned all of the property and would see that the defendant obtained title to it at her death, spent at least $1000 in repairing it. It was further alleged that Miss Pearl White owned an undivided one-half interest in the property at the time of her death, and that her estate and said property are liable to the defendant for half of the value of the improvements placed thereon, or the sum of $500, and the amendment prayed for a judgment against the plaintiff for that amount. The plaintiff's demurrer was renewed to the answer and cross-action as amended, and a further ground was added, alleging that the answer and cross-action sought to introduce new and distinct matter not germane to the original suit. The demurrers were sustained and the answer and cross-action, as amended, were stricken. To that ruling exceptions pendente lite were timely entered, upon which error is properly assigned in the bill of exceptions.

On the trial, the plaintiff introduced in evidence the will of

James Henry White, which was filed in the office of the Ordinary of Hall County, Georgia, on April 5, 1929, and recorded April 25, 1929; also the defendant's stricken pleadings "as solemn admissions in judicio." It was stipulated that the plaintiff's intestate died owing debts which have not been paid. Upon motion therefor, the court directed the jury to find that the plaintiff was entitled to the possession of Miss Pearl White's interest in the premises described in the petition, and such a verdict was accordingly returned. A motion for new trial, based only upon the usual general grounds, was filed and after being heard was overruled and that judgment is also excepted to.

■ In all actions for the recovery of land, the defendant who has bona fide possession of such land under an adverse claim of title may set off the value of all permanent improvements bona fide placed thereon by himself or other bona fide claimants under whom he claims. Code, § 33-107; *Hicks* v. *Webb*, 127 *Ga.* 170 (56 S. E. 307). In the present case it affirmatively appears from our statement of the facts that the defendant, according to her own contentions, is not in possession of the decedent's undivided interest in the premises described in the petition as a bona fide claimant thereof under an adverse claim of title. In fact, her pleadings admit that Miss Pearl White's estate owns that interest in the premises sued for, and that the plaintiff is entitled to recover the possession of it. Her claim to recover the value of the improvements she erected upon the property in question is not predicated upon the proposition that she, while in bona fide possession under an adverse claim of title, improved the property in controversy; but is based upon the theory that the improvements were made by her in virtue of a contract with Miss Mamie White, a sister of the deceased, who agreed to make a will giving her fee-simple title to the entire property if she would repair it and render certain personal services to her. That being true, the allegations of the defendant's answer and cross-action do not bring her, as contended, within the beneficial provisions of section 33-107 of the Code, and the trial judge did not err in so ruling. See *Puckett* v. *Heaton*, 153 *Ga.* 69 (111 S. E. 402).

■ It is earnestly insisted by counsel for the plaintiff in error that the defendant had a right to maintain her cross-action for

the purpose of recovering a judgment against the plaintiff for the value of certain personal services which she rendered the deceased during her lifetime, and that the judgment complained of should for that reason be reversed. We do not think so, and this part of the cross-action was also properly stricken. It had no relation whatever to the subject-matter of the suit and consequently was not germane to the issue involved in the petition. *Josey* v. *Rogers,* 13 *Ga.* 478; *McDougald* v. *Dougherty,* 14 *Ga.* 678; *Brownlee* v. *Warmack,* 90 *Ga.* 775 (17 S. E. 102) ; *Ray* v. *Home & Foreign Investment Co.,* 106 *Ga.* 492 (32 S. E. 603). A cross-bill or cross-action is treated, in short, as a mere ancillary suit, or as a dependency upon the original suit. Story's Eq. Pl. § 399. New and distinct matters, not involved in the original action, may not be introduced by cross-action. *Peterson* v. *Lott,* 137 *Ga.* 179 (73 S. E. 15) ; *Atlanta Northern R. Co.* v. *Harris,* 147 *Ga.* 214, 218 (93 S. E. 210). "An answer in the nature of a cross-bill which sets up matters of defense not germane to the case made by the plaintiff's petition is not maintainable." *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E. 296). See also *Bank of Soperton* v. *Holland,* 142 *Ga.* 796 (83 S. E. 782) ; *State of Georgia* v. *Callaway,* 152 *Ga.* 871 (111 S. E. 563) ; *Wood* v. *Hayes,* 189 *Ga.* 658 (7 S. E. 2d, 256) ; *Usry* v. *Hines-Yelton Lumber Co.,* 176 *Ga.* 660 (168 S. E. 249) ; *Collier* v. *DeJarnette Supply Co.,* 194 *Ga.* 129 (20 S. E. 2d, 925). In the present case the defendant was called upon by the petition to assert whatever claim of right, if any, she had to the premises sued for. Her reply, as a creditor of the plaintiff's intestate, that she had no interest in the property sought to be recovered, but that she was entitled to have a judgment for her debt, was certainly not responsive to the petition, had not the slightest bearing upon or relation to the issue in controversy, and afforded no basis for any prayer for counter-relief against the plaintiff in this case. And a different ruling is not required by *Shadburn Banking Co.* v. *Streetman & Davis,* 180 *Ga.* 500 (179 S. E. 377), which is cited and relied upon by the plaintiff in error. That case involved a controversy between the parties concerning some money which the deceased, at the time of his death, had on deposit with the plaintiff bank; and Mr. Justice Gilbert, who delivered the opinion for the court, said: "The interest of the plaintiff, J. S.

Streetman, administrator and of defendants, Shadburn Banking Company and Mrs. Davis, each related to the $1200 deposited by the deceased Streetman in the Shadburn Bank. The right to the $1200 was the common nexus connecting all of the parties." In the present case, the plaintiff's right to have possession of property admittedly belonging to the estate of his decedent, and the defendant's claim for compensation for personal services she allegedly rendered the deceased, Miss Pearl White, during her lifetime are not related issues; they are entirely dissimilar controversies, and it is well-settled that the defendant may not bring into the litigation by way of cross-action matters for adjudication which are unrelated to the subject-matter of the plaintiff's case.

There is no merit in the exception to the judgment overruling the defendant's motion for new trial. The evidence demanded a verdict for the plaintiff, and it was not erroneous for the judge to direct the jury to find accordingly. Code, § 110-104; *Biederman* v. *Jones*, 183 *Ga.* 351 (188 S. E. 519). ·

*Judgment affirmed. All the Justices concur.*