43625. WHITE et al. v. HOWELL et al.

JORDAN, Presiding Judge. This is an appeal from a judgment denying the prayers for relief and dismissing the petition in statutory partition proceedings, transferred by the Supreme Court to this court for decision. *White v. Howell,* 224 Ga. 135 (160 SE2d 374). The petitioners are Wadis White and his wife, Peggy Howell White. Mrs. White's father died intestate, survived by his widow and nine children. His estate was never administered. At the time of death he owned a tract of approximately 210 acres of land, encumbered by a

security deed to the Federal Land Bank of Columbia, and this encumbrance is still outstanding. Together the Whites claim an undivided 29/45th's interest in the land, consisting of the child's share inherited by Mrs. White; that of her mother and a sister, conveyed to the Whites by warranty deed November 9, 1964, wherein the widow retained "the right and privilege to occupy the house [in] which she now resides and which is located on said land, with Mrs. Peggy H. White and Wadis White, so long as she, Mrs. Minnie Lee Howell, lives"; that of a brother, conveyed to the Whites by warranty deed in 1965; that of a sister, conveyed to the Whites by warranty deed in 1966; and that of another sister, conveyed to the Whites by a deed dated January 31, 1967, from one who had acquired her interest by exercising his power of sale under a security deed upon default in the payment of a note. Three of Mrs. White's brothers and the widow and children of another brother own the remaining interest. The Federal Land Bank of Columbia interposed no objection, provided the priority of its security deed was recognized and remained unaffected. The intestate's widow is not a party, and others who are defendants and have an interest in the land, as shown by the above facts, agreed to partition, except one brother who filed no pleadings, and another who contested the action. By amendment the petitioners alleged that a fair and equitable division of the land could not be made by metes and bounds, deleted their prayer for such relief, and asked for an order allowing the sale of the land. The trial court tried the case by agreement without a jury, after which he passed an order dismissing the petition.

The appellants, the petitioners in the lower court, insist upon two issues as a basis for reversal of the judgment, that the court erred in recognizing the right of occupancy on behalf of the widow in the deed conveying her interest in the land, as it was "entirely void as being repugnant to the estate granted," and that the court erred in determining that there was no evidence to show that the property could not be divided in kind. *Held:*

The widow, as a tenant in common, enjoyed a right of possession which included at least her right to occupy a portion of the land no greater than her share in the event of a division. *Code* §§ 85-1001, 85-1003. By retaining the right to occupy a dwelling while conveying her interest in the property to

another, we think she retained a limited life estate in the property to the extent that she enjoyed such a right as a tenant in common. See *Code* §§ 85-601, 85-602; *Simpson v. Powell & Co.*, 158 Ga. 516 (123 SE 741); *Wright v. Pritchett*, 213 Ga. 865 (5) (102 SE2d 602). We see nothing repugnant in such a limitation when she conveyed her interest in the property to the petitioners. The courts must give effect to the intention of a grantor to convey less than the entire estate, disregarding all technical rules, so far as the same is lawful. *Code* § 85-503; *Simpson v. Powell & Co.*, supra. Moreover, we think the petitioners, in accepting the widow's interest with such a limitation, are estopped to deny the limitation. See *Shivers v. Goar*, 40 Ga. 676.

*Code* § 85-1514 expressly recognizes a discretion on the part of the trial court in a partition proceeding involving an extraordinary situation to frame the proceeding and order to meet the exigency of the situation without resort to equity, including the authority to deny a sale or partition altogether if it shall be manifest that the interest of each party will not be fully protected. We think that the lower court, in denying the relief sought and dismissing the petition in this case, which he predicated in part on the fact that the widow was not a party to the proceeding, but did have an interest in the property, is a judgment clearly within his discretion under the provisions of *Code* § 85-1514.

Such a judgment being authorized in the exercise of a sound discretion under the circumstances here shown, the court's finding that the "evidence does not show that [the property is] incapable of being equitably divided" is not controlling, even if it be assumed that the testimony of one of the petitioners, disclosing that the land had been developed as a farm unit, and that its value as a unit would be destroyed by apportioning the cultivated land, pastures, and woodland, as well as crop allotments, demanded a contrary finding.

*Judgment affirmed. Pannell and Deen, JJ., concur.*
SUBMITTED MAY 8, 1968—DECIDED MAY 15, 1968.

*Eric L. Jones*, for appellants.
*Beverly B. Hayes, E. L. Stephens, Jr., Dub Douglas*, for appellees.