## 34656. PHILLIPS v. SEXTON.

BOWLES, Justice.

Frank P. Phillips, executor under the will of Pluma Mae Phillips, brought a complaint against Evelyn I.

Sexton, which he termed an action for declaratory judgment and equitable relief. He sought to have canceled two option agreements which he had, in the year 1968, executed to the defendant Sexton on certain real estate. Plaintiff claims the options were barred because they were not obtained by leave of the court, they lacked adequate consideration, and no proper description was given of the property. Copies of each option were attached to the complaint.

Defendant Sexton answered, admitting the existence of the options and claiming that they were executed by the plaintiff both individually and in his representative capacity, as part of one transaction wherein plaintiff sold defendant two other tracts of adjoining real estate. Defendant pleaded the defense of estoppel and denied that the options were invalid for any reason. Defendant also filed what she termed a cross action asking the court to interpret the options and rule that said options were valid and enforceable.

The trial court held that the two options were valid and enforceable as being founded upon a valid consideration, sufficiently definite as to description, not violative of the rule against perpetuities, and sufficiently definite as to purchase price in the event the exercise was in the period provided by the grant. Judgment was entered in behalf of defendant and plaintiff appeals. We reverse.

The options, as introduced into evidence, were essentially the same and each began as follows:

"This agreement made and entered into this the 27th day of February, 1968 by and between Mrs. Evelyn I. Sexton, hereinafter referred to as purchaser, and Frank P. Phillips, Individually and as Executor under the will of Pluma Mae Phillips, hereinafter referred to as seller, Witnesseth;

"For and in consideration of ten ($10.00) dollars receipt of which is hereby acknowledged seller gives and grants unto purchaser an option to purchase the remainder of [specific lot number] of the F. P. Phillips subdivision, said referred to remainder being that portion of said lot which has not heretofore been conveyed to said purchaser."

The first option went on to provide:

"The purchase price for the said property shall be twelve thousand five hundred ($12,500.00) dollars to be paid; one thousand ($1,000.00) dollars cash, balance of Eleven thousand five hundred ($11,500.00) dollars over a period of twenty five (25) years with monthly payments of $74.11, principal and interest, at the rate of six per cent.

"This option may not be exercised so long as seller resides at No. 2146 Moreland Avenue, and must be exercised not later than 30 days from date on which seller no longer resides on said property; and gives written notice of intention to sell.

"This option for a valuable consideration and is to be honored by the seller's administrators, executors or heirs at law."

The second option went on to provide:

"Said purchase price to be based on the then going price for property, and to be agreed upon between the parties hereto, their heirs, executors or administrators; terms as may be agreed upon at time this privilege is exercised.

"The privilege to purchase shall not be binding for longer than 90 days from the date seller vacates the premises known as No. 2146 Moreland Avenue, and he or his heirs, executors or administrators gives written notice to purchaser of the price and terms upon which sale will be made.

"This privilege for a valuable consideration and is to be honored by the seller's administrators, executors or heirs at law."

Additional evidence, including the will of Mrs. Pluma Mae Phillips, was introduced by stipulation.

The properties in question passed under the will of Mrs. Phillips to the plaintiff, and the pertinent parts of the will follow:

"(3) I give, devise and bequeath to my husband, Frank P. Phillips, any and all real and personal property that I may die seized or possessed of, for and during his natural life. Provided, however, nothing contained herein shall act as a restraint upon my husband in the full and complete enjoyment of such estate; he may sell or

exchange any and all properties or make any other disposition he may wish to of any properties embraced herein.

"(4) At the death of my husband, if there is any remaining properties in my estate, I give, devise and bequeath all of such properties to Allen G. Sirles and Mary W. Sirles in trust for the following uses and purposes."

The trust is for the benefit of a daughter of Mr. and Mrs. Phillips. Mr. Phillips was named executor of the will. He was not required to secure any order of court and was empowered to sell any portion of the estate at public or private sale, with or without advertising, in his discretion and as he deemed best. He was also specifically authorized and instructed to sell such portions of vacant property in the estate as necessary in order to have the remainder of the estate free and clear of all indebtedness.

Although there may be several questionable features of the options going to their validity, we only need consider one. Both options were executed by Mr. Phillips individually and as executor under the will of Mrs. Phillips. No specific reference is made to any authority or power under which the options were executed. Although the life-tenant in this instance had broad powers over the land, there is a substantial and fundamental difference in the conveyance of land by deed and the granting of an option to purchase. See *Adler v. Adler,* 216 Ga. 553 (118 SE2d 456) (1961). It seems well settled in this state that neither an executor nor a trustee has authority to enter into a contract granting an option to purchase land belonging to an estate, absent an express grant of such power. *Adler v. Adler,* supra. By analogy, unless express authority is granted, the life-tenant with other broad authority, does not have the power to will the property at his death *(Jenkins v. Shuften,* 206 Ga. 315 (57 SE2d 283) (1950)); nor to lease property for a time extending beyond his own term. *Johnson v. Grantham,* 104 Ga. 558 (30 SE 781) (1898). Such leases have been described as "absolutely void" after the life-tenant's death. *Johnson v. Grantham,* supra.

We find that any powers granted to the life-tenant under the terms of his wife's will cannot be exercised by

the purchaser after the life-tenant's death. Each of the options must be exercised in relatively short periods of time; one is for 30 days and the other for 90 days, but neither can be exercised as long as the seller resides on the property. Thus, the option provisions would include the reasonable possibility that should the seller vacate the property by death, the options could be exercised within the specific number of days following death.[1] That this possibility was contemplated by the parties is further illustrated by the fact that each option attempts to bind the seller's administrators, executors or heirs at law. The seller has attempted to give the purchaser an option to buy the title to real estate after his life estate terminates.

Pretermitting the question of whether or not a life-tenant in these circumstances can give an option at all, we hold that unless expressly authorized, he cannot give an option to purchase which by its terms extends beyond his life estate. For these reasons each option is invalid.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED MARCH 2, 1979 — DECIDED APRIL 5, 1979 —
REHEARING DENIED APRIL 17, 1979.

*Walter P. McCurdy, Sr., G. T. Crichton,* for appellant.
*Michael J. Kovacich,* for appellee.

---

[1]The facts show that the plaintiff was 88 years old at the time the options were given.