A89A2279. FALLIN v. RULE et al.
(392 SE2d 314)

POPE, Judge.

This is an appeal from a grant of summary judgment to appellees Walter S. Rule and Virginia Boyt Rule giving them a writ of possession against appellant Ray Thomas Fallin and denying Fallin's claim for a set-off for improvements he made on the property involved. In late 1976 or early 1977, Fallin moved a mobile home onto the property of his elderly aunt, Carrie Emma Fallin, at her invitation. In lieu of rent, Fallin ran errands for his aunt and maintained her property. When Fallin told his aunt that he needed a bigger place and planned to move, she asked him to stay. To induce him to stay, she offered to let him build a house on her property and promised to leave him in her will the land upon which the house stood. Fallin agreed and built the house and continued to help his aunt. Shortly before his aunt's

death, Fallin discovered a 1962 deed conveying the remainder interest in all her land, including the lot upon which Fallin lives, to Marion Fallin, reserving a life estate to herself. By his will, Marion Fallin left his interest in the land to his wife, Virginia Boyt Fallin. She remarried and conveyed a one-half undivided interest in the property to her present husband, Walter S. Rule, Jr. On appeal, Fallin argues that the trial court erred in finding that he was a tenant at sufferance and that he is not entitled to a set-off for the improvements he made on the land. *Held*:

We affirm. "An estate at sufferance is where one comes into possession of land by lawful title but keeps it afterward without any title at all." (Citations and punctuation omitted.) *Williams v. Durham*, 77 Ga. App. 840, 841 (50 SE2d 373) (1948). The situation in the present case fits the situation the court found in *Williams*, supra at 841: "The evidence authorized, indeed [Fallin] admits[,] that [he] entered the premises under [his aunt], a life tenant, and lived there until [she] died; that [he] entered under recognition of [her] title. [He] therefore entered with [her] permission and lawfully. The evidence does not show that [he] at any time surrendered the possession of the premises and re-entered adversely. It therefore follows and the evidence sustains the view that [Fallin] was the tenant of [his aunt], who held a life estate." The trial court correctly ruled that Fallin was a tenant at sufferance and that a dispossessory action would lie.

The trial court also correctly held that Fallin has no claim of set-off for the improvements he made. The present case is controlled by *Bowles v. White*, 206 Ga. 343 (1) (57 SE2d 187) (1950). "[The] claim to recover the value of the improvements [Fallin] erected upon the property in question is not predicated upon the proposition that [he], while in bona fide possession under an adverse claim of title, improved the property in controversy; but is based upon the theory that the improvements were made by [him] in virtue of a contract with [his aunt], who agreed to make a will giving [him] fee-simple title to the . . . property if [he] would . . . render certain personal services to her." *Bowles*, supra at 346. In this situation, the court held, the defendant to the action is not entitled to the benefit of the Code section (now OCGA § 44-11-9) that allows one in bona fide possession of land under an adverse claim of title to set off the value of all permanent improvements placed by him upon the land. Fallin's reliance upon the case of *Harper v. Durden*, 177 Ga. 216 (170 SE 45) (1933), is thus misplaced because in that case, the defendant, Durden, purchased the property in question for full value. *Harper*, supra at 222.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1990.

*Richard T. Bridges*, for appellant.
*Ronald Barfield*, for appellees.