A98A2047. DWYER v. McCOY et al.
(512 SE2d 70)

ANDREWS, Judge.

L. David Dwyer sought a declaratory judgment as to the validity of two agreements concerning real property which he leased for the operation of a business. The first agreement was a lease under which

Dwyer leased the property for a ten-year term from Ruby Smith. Ruby Smith held only a life estate in the property given to her in a deed from her father which provided that after Smith's death the remainder interest in the property vested in Smith's children, Barbara Smith McCoy and Edgar H. Smith, Jr. Dwyer sought a declaration that the lease remained valid after Ruby Smith died three years into the lease term. The second agreement at issue granted Dwyer a right of first refusal to purchase the leased property in the event it was sold. The right of first refusal agreement, which referred to the deed granting the life estate and remainder interest, was signed by Dwyer, Ruby Smith, and Edgar Smith, but not by Barbara McCoy. Dwyer sought a declaration that this agreement also remained valid at least as to the obligation of Edgar Smith. As an alternative to a declaration enforcing the agreements, Dwyer sought damages for breach of the agreements and other damages to his lease interest. Named as defendants in the action were McCoy, individually and as executrix of the estate of Ruby Smith, and Edgar Smith.

The trial court granted a motion for summary judgment brought by McCoy, individually and as executrix of the estate of Ruby Smith, and Dwyer appeals.

1. In granting summary judgment, the trial court correctly concluded that the lease agreement between Ruby Smith and Dwyer was void upon the death of Ruby Smith. The deed under which Ruby Smith held an interest in the leased property granted her only a life estate and at her death granted the remaindermen, Barbara McCoy and Edgar Smith, the right to possession and title to the property.[1] *Lanier v. Register*, 163 Ga. 236 (135 SE 719) (1926). Because she held only a life estate in the leased property, Ruby Smith could not have granted Dwyer a longer term of possession in the property than she had. Id.; *Williams v. Durham*, 77 Ga. App. 840, 841-842 (50 SE2d 373) (1948). After the death of Ruby Smith, the lease was void and

---

[1] We find no merit in Dwyer's arguments that the record does not adequately show the existence of the recorded deed and that it does not reflect that Barbara McCoy and Edgar Smith were the remaindermen under the deed giving a life estate to Ruby Smith with remainder "at her death to her children." In responding to McCoy's summary judgment motion, Dwyer relied on Exhibit 1 to McCoy's motion to support his argument that "[t]he life estate under which McCoy and Edgar [Smith] claim as remaindermen is a deed from [Ruby] Smith's father to [Ruby] Smith and 'at her death to her children.'" Exhibit 1 relied upon by Dwyer was a copy of the deed recorded on May 30, 1950, in the Gwinnett County real property records at deed book 95, page 409. Moreover, the right of first refusal to purchase agreement as to the property asserted by Dwyer refers to the deed to Ruby Smith from her father recorded on May 30, 1950, at deed book 95, page 409 of the Gwinnett County real property records. Under these circumstances, the existence and content of the recorded deed were clearly acknowledged by Dwyer. As to the remaindermen under the deed, McCoy deposed that she and her brother, Edgar Smith, as the children and heirs of Ruby Smith, were the remaindermen.

gave no title or interest in the property to Dwyer. *Johnson v. Grantham*, 104 Ga. 558, 560 (30 SE 781) (1898); *Phillips v. Sexton*, 243 Ga. 501, 504 (255 SE2d 15) (1979).

2. Contrary to Dwyer's contention, the trial court did not err in finding that Dwyer was a tenant at will as to the property. After the death of Dwyer's lessor, Ruby Smith, who held only a life estate in the property, Dwyer became a tenant at sufferance without any title or interest in the property. *Fallin v. Rule*, 194 Ga. App. 865, 866 (392 SE2d 314) (1990). Dwyer's tenancy at sufferance was converted to a tenancy at will after McCoy, who acquired Edgar Smith's interest in the property, gave Dwyer express permission to remain in possession of the property and pay rent as a tenant at will. *Solon Automated Svcs. v. Corp. of Mercer Univ.*, 221 Ga. App. 856, 860 (473 SE2d 544) (1996).

3. The trial court also correctly concluded that the right of first refusal to purchase agreement was unenforceable because it was signed only by Ruby Smith and Edgar Smith, but not by Barbara McCoy. As stated in Division 1, supra, Ruby Smith held only a life estate in the property, and at her death the property vested in the remaindermen, Barbara McCoy and Edgar Smith. Under the deed vesting the property in McCoy and Edgar Smith, each received an undivided interest in the whole property. Under the right of first refusal to purchase agreement, Dwyer sought the right to purchase the interests of all the owners of the property, and signature lines were provided for each owner's signature. Nothing in the agreement indicated that Dwyer intended to purchase any individual interests or that McCoy or Edgar Smith intended to sell their interests individually. The clear intent of the parties was that the agreement was to be signed by all the owners before it became binding on those who signed it. It follows that, in the absence of McCoy's signature, the agreement was incomplete and unenforceable. *Turnipseed v. Jaje*, 267 Ga. 320, 324-325 (477 SE2d 101) (1996); *Abernathy v. Grant*, 232 Ga. 880, 882 (209 SE2d 210) (1974).

4. Based on the holdings in Divisions 1 and 3, supra, that the lease agreement was void and the right of first refusal to purchase agreement was unenforceable, the trial court correctly granted summary judgment against Dwyer on his claims for breach of these agreements.

5. The trial court erred, however, in granting summary judgment against Dwyer on a claim for damages to his lease interest as a result of Ruby Smith's death prior to the expiration of the lease term. Although this claim was not explicitly set forth, the complaint may be reasonably construed under the liberal pleading requirements of the Civil Practice Act as making this claim against McCoy, as the executrix of the estate of Ruby Smith. OCGA § 9-11-8 (f). In effect,

Dwyer contended that Ruby Smith's statement that she "owned" the property when she leased it to him without revealing she held only a life estate was a misrepresentation that, coupled with her death prior to the end of the agreed lease term, caused a breach of the implied covenant of quiet enjoyment in the lease.

"A covenant for quiet enjoyment of the premises is necessarily implied in every lease [and goes] to the extent of engaging that the landlord has a good title and can give a free and unencumbered lease of the premises for the term stipulated. . . ." *Adair v. Allen*, 18 Ga. App. 636 (2) (89 SE 1099) (1916). As stated in Division 1, supra, where a life tenant leases the premises and then dies before the lease term expires, the unexpired term of the lease is void. In that case, the lessee may recover damages from the life tenant's estate for breach of the covenant of quiet enjoyment, as long as the lessee did not have actual knowledge that the lessor held only a life estate. See *In re Hunt's Estate*, 197 NYS 633 (Surr. Ct. 1923); *In re O'Donnell*, 147 NE 541 (N. Y. App. 1925); *Dupree v. Worthen Bank &c. Co.*, 543 SW2d 465 (Ark. 1976); 171 ALR 489, 491 (1947), Annotation, Death of Life Tenant as Affecting Rights Under Lease Executed by Him.

The lease at issue does not reflect that Ruby Smith held a life estate in the premises, and Dwyer testified that he learned she had a life estate in the property only after she died. The record shows that, with the permission of McCoy, Dwyer remained in possession of the property after the death of Ruby Smith. However, he was allowed to retain possession and pay rent, not for the remainder of the ten-year term of the original lease, but only as a tenant at will of McCoy. Dwyer contends his business was damaged because, as a tenant at will subject to loss of possession on short notice, it is no longer reasonable for him to use the property and make the business improvements he was entitled to make under the ten-year term of the original lease. Under the circumstances, Dwyer's loss of the ten-year term under the lease with Ruby Smith and his continued possession as a tenant at will under McCoy's paramount title amounted to a constructive eviction sufficient to allow him to seek damages from Ruby Smith's estate for breach of the implied covenant of quiet enjoyment. See *In re O'Donnell*, 147 NE at 542-543; 1 Tiffany, Law of Real Property, § 92 (3rd ed. 1939); 19 Encyclopedia of Ga. Law, Landlord & Tenant, § 40 (1993 rev.). Dwyer's continued possession of the property, though merely as a tenant at will, is a factor to be considered in reduction of the damages. *In re O'Donnell*, 147 NE at 543.

In dismissing this claim, the trial court found that Dwyer could not show that the alleged misrepresentation caused the damages he claims because he was deemed to have constructive knowledge of the deed giving Ruby Smith a life estate in the property, which was recorded on May 30, 1950, in the Gwinnett County real property

records at deed book 95, page 409. We disagree with this conclusion. Dwyer was not required to conduct a search of the real property records to discover prior to executing the lease that Ruby Smith held only a life estate in the property. Rather, in the absence of actual knowledge that the lessor held only a life estate in the property, Dwyer was entitled to rely on the terms of the lease and the implied covenant of quiet enjoyment as representing that the lessor had sufficient title to lease him the property for the term stipulated. *Adair*, 18 Ga. App. at 636.

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 9, 1999.

*McCrimmon & McCrimmon, Edward W. McCrimmon*, for appellant.

*Glass, McCullough, Sherrill & Harold, Paul M. Baisier, Miller & Martin, William A. DuPre IV, John W. England*, for appellees.