A04A2386. TIMELESS ARCHITECTURAL HOMES, INC.
v. JONES.
(606 SE2d 635)

PHIPPS, Judge.

Taylor Jones sued Timeless Architectural Homes, Inc., alleging default on a promissory note. Timeless appeals the trial court's award

of summary judgment to Jones. Although the undisputed facts show that Timeless is liable to Jones on the note, there are material issues of fact about the amount due. Therefore, we reverse the grant of full summary judgment to Jones.

On December 3, 2001, Timeless, as buyer, and Jones, as seller, entered into a real estate sales contract. The contract stated that Jones had filed an application with the City of Atlanta seeking to have the subject property subdivided from an adjoining tract that Jones had previously owned; that the city had denied the application; that Jones had appealed to the City of Atlanta Board of Zoning Adjustment; that the board had granted Jones's appeal, thereby ruling that the property was eligible to receive a single-family residence building permit; and that certain parties had appealed that decision to the Superior Court of Fulton County. The contract provided that, because the property would be more valuable to Timeless if the ruling in Jones's favor was upheld by the superior court, the purchase price would be $700,000 if the superior court ruled in Jones's favor and that it would otherwise be $600,000.

The sale was closed on December 27, 2001. At closing, Timeless paid $10,000 in earnest money and a $40,000 cash down payment, and executed a $650,000 note in favor of Jones. The note provided for a reduction of the principal amount to $550,000 if the superior court did not uphold the board's ruling in Jones's favor. On January 21, 2002, that ruling was upheld when the appeal to superior court was dismissed. Timeless made semiannual interest payments on the note until December 2002 but none thereafter.

In June 2003, Jones sued Timeless, declaring the note in default and seeking payment of principal, interest, and attorney fees. Timeless answered, asserting, among other things, that conditions for the contract to be enforceable had failed to occur and that there had been a failure of consideration. After Jones moved for summary judgment, Timeless filed a counterclaim seeking return of its $50,000 cash payment at closing and its interest payments on the note. In opposing Jones's motion for summary judgment, Timeless submitted an affidavit in which its president, Allen Parker, testified that the parties had entered into the real estate sales contract with the express understanding that the property was eligible to receive a single-family residence building permit; and that, notwithstanding the decision of the zoning board in favor of Jones, the city had denied Timeless's application for such a permit due to roadway frontage and waterway issues. Timeless therefore argued that the consideration for purchase had failed. Timeless later filed an amended answer, counterclaim, and another affidavit by Parker, seeking rescission of the contract and return of its down payment and interest payments.

The trial court awarded summary judgment to Jones based on its finding that dismissal of the appeal of the zoning board's ruling in favor of Jones satisfied the only condition to Timeless's liability in the sales contract and promissory note.

1. Timeless contends that the trial court erred in granting summary judgment to Jones because the contract and note contain an ambiguity about whether Timeless's liability is conditioned on the property being eligible for a single-family residence building permit.

We disagree. The parties' contract is unambiguous. It clearly provided for nothing more than a reduction in purchase price from $700,000 to $600,000 if the eligibility of the property to receive a single-family residence building permit was lost due to an adverse decision in the appeal of the zoning board's decision. Undisputably, the property's eligibility to receive the building permit was not lost based on failure of that condition.

2. Accordingly, we find no merit in Timeless's next argument, that there are material issues of fact with regard to its claim for rescission of the contract.[1]

3. Timeless also argues that the evidence creates material issues of fact as to whether the parties entered into the contract under a mutual mistake regarding the eligibility of the property for a single-family residence building permit and, therefore, the amount due under the promissory note. We agree.

Under the evidence in this case, a jury would be authorized to find that both parties entered into the contract under the mistaken belief that resolution of the appeal in favor of Jones would qualify the property for issuance of a single-family residence building permit. The contract clearly contemplated a reduction in the purchase price of the property and the amount due under the promissory note if the property's eligibility for the permit was lost. Thus, Timeless has a claim against Jones for reformation of the contract which may effect a downward adjustment of the purchase price, and the principal amount due under the note, based on the parties' mutual mistaken belief that the city would issue a single-family residential building permit if the appeal was resolved in favor of Jones.[2] Therefore, Jones was not entitled to summary judgment for the full purchase price of $700,000.

4. We find no merit in Jones's argument that Timeless's claim that the city has not issued it a building permit is based on hearsay.

---

[1] See *Lanier Home Center v. Underwood*, 252 Ga. App. 745, 746 (1) (557 SE2d 76) (2001) (remedy of rescission may be appropriate when object of contract defeated).

[2] See generally *Scott v. Gillis*, 202 Ga. 220, 224 (2) (43 SE2d 95) (1947); *Yablon v. Metro. Life Ins. Co.*, 200 Ga. 693, 704 (2) (38 SE2d 534) (1946).

Both of Parker's affidavits contain sworn statements that the matters about which he was testifying were based upon his own personal knowledge. Nothing in either affidavit affirmatively contradicts his testimony in that regard, and Jones has not presented any contradictory evidence. Challenging the veracity of Parker's testimony, Jones does claim that Timeless has not diligently pursued its request for a single-family residential building permit. At a minimum, that creates a material issue of fact on the question.

5. Jones's complaint that Timeless failed to obtain leave of court, as required by OCGA § 9-11-13 (f), before filing its amended counterclaim for rescission of the contract is moot under our holding in Division 2. Reasonably construed under the liberal pleading requirement of the Civil Practice Act,[3] Timeless's other pleadings state a claim for a downward adjustment of the purchase price under a theory of contract reformation.

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 10, 2004.

*James W. McKenzie, Jr.*, for appellant.
*Taylor W. Jones*, pro se.

