## 60851. CLARK v. ASSURANCE COMPANY OF AMERICA.

DEEN, Chief Judge.

1. "Code Ann. § 81A-156 places the burden on the moving party to show that no material issues of fact exist. The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time,* or suffer judgment against him." *Meade v. Heimanson,* 239 Ga. 177, 180 (236 SE2d 357) (1977).

2. Where the appellee plaintiff files suit against the defendant on open account, and thereafter files a motion for summary judgment supported by the affidavit of its Administrative Manager showing that the entries referred to in the attached exhibit are admissible under the Business Records Act, facts contained in such exhibit which prima facie establish that the sum sued for is owing to the plaintiff will shift the burden to the opposite party to show that an issue of fact remains. The exhibit to the affidavit here shows that six policies of insurance were purchased by the defendant from the plaintiff, giving the date of purchase of each, the number of the policy, whether the debit was chargeable as "renewal" or "audit" and the amount owing on each. These are statements of which, if not controverted, make a prima facie showing of indebtedness in the amount sought. Cf. Lawhorn v. Atlantic Refining Co., 299 F2d 353 (1962); *Maxey-Bosshardt Co. v. Maxwell,* 127 Ga. App. 429 (193 SE2d 885) (1972); *Colodny v. Dominion Mtg. & Realty Trust,* 141 Ga. App. 139 (1) (232 SE2d 601) (1977). The defendant failed to offer any reply or counter-affidavit to the motion, leaving him with no more than a general denial of indebtedness in his unsworn answer. In the face of his complete failure to come forward with rebuttal evidence, the grant of summary judgment to the plaintiff was proper. Cf. *Ambrose v. E. F. Hutton & Co.,* 146 Ga. App. 403 (246 SE2d 423) (1978).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED OCTOBER 2, 1980 — DECIDED
NOVEMBER 20, 1980.

*Roy E. Barnes,* for appellant.
*Mark L. Golder,* for appellee.