38649. HOUSING AUTHORITY OF THE CITY OF ATLANTA
v. STERLIN.

GREGORY, Justice.

When the defendant tenant failed to pay rent to the Housing Authority for April, 1981, the Housing Authority notified him of its intent to terminate the lease and dispossess him. Code Ann. § 61-301. The Housing Authority then filed a complaint against defendant in the State Court of Fulton County, seeking both a writ of possession and a money judgment for past due rents. On July 2, 1981 defendant was served pursuant to Code Ann. § 61-302 by nailing a copy of the

summons to his residence and by first class mail. Defendant filed a timely answer, admitting he had received both the mailed complaint and the copy tacked to his door, but denying that the method of service was sufficient to give the court personal jurisdiction over him with regard to the action for a money judgment.

The trial court found that the so-called "nail and mail" service was sufficient to obtain a writ of possession for the premises, but that it failed to meet the requirements of due process for giving a tenant adequate notice of litigation such as would authorize a money judgment against him. The Housing Authority appeals the trial court's determination that a money judgment may not be had in any circumstances under Code Ann. § 61-302 where service was by "nail and mail."

This case is controlled by *Housing Authority of the City of Atlanta v. Hudson,* 250 Ga. 109, post.

In that case we examined the constitutional validity of the "nail and mail" method of service in dispossessory proceedings, acknowledging our duty to construe the statute in a constitutional manner, if possible. Code Ann. Ch. 61-3. There is not a statutory mechanism in these proceedings allowing the defendant tenant to answer the merits subject to a challenge to the jurisdiction of the court. We determined due process does not require that a defendant be permitted to make a special appearance, object to the service and raise the question of jurisdiction, and file his answer subject thereto. York v. Texas, 137 U. S. 15 (11 SC 9, 34 LE 604) (1890). While such a procedure may be reasonable or even desirable, it is not constitutionally required. If the defendant answers, notice is not an issue, and the trial court has jurisdiction over his person as to both the dispossessory proceeding and to enter a money judgment against him. When the defendant is served by "nail and mail" and does not answer, however, the trial court has jurisdiction over his person for the purposes of the dispossessory proceeding, but may not enter a judgment for rent due upon default. 250 Ga. 109, post, at 111.

Therefore, the trial court was correct in determining that "nail and mail" service is adequate in dispossessory proceedings, but erred in ruling that it is insufficient in all circumstances to obtain a money judgment against a defendant tenant.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Jordan, C. J. who concurs in the judgment only.*

DECIDED OCTOBER 27, 1982.

*Parks, Jackson & Howell, Alfred J. Turk III,* for appellant.

*Carolyn S. Weeks,* for appellee.