63467. HOUSING AUTHORITY OF THE CITY OF ATLANTA
v. HUDSON.

POPE, Judge.

The record discloses that on May 11, 1981 the Housing Authority brought this action against Susie Hudson as a tenant holding over, seeking to dispossess her and, by later amendment, seeking a judgment for unpaid rent in the amount of $1,175.60. Service of this action was accomplished on May 12 by tacking a copy to the door of Hudson's premises and also by mailing a copy to her at the address shown in the pleadings. Hudson filed her answer on May 21, denying the Housing Authority's allegations. On July 8, 1981 the trial court issued an order granting possession of the subject premises to the Housing Authority but dismissing its claim for a money judgment "on the [ground] that the service was by 'tack and mail' and that pursuant to the local rule of this Court [Rule 38(e)] no money judgment may be rendered, and on the ground that the Civil Practice Act must be complied with in order for the Court to render a money judgment . . ." The Housing Authority contends on appeal that the dismissal of its claim for a money judgment was error. We agree.

In response to a question certified by this court to our Supreme Court, that court held: "[W]here the trial court has jurisdiction over the person in a dispossessory proceeding by nail and mail service, and the defendant answers (thus obviating any issue as to notice), the trial court also has jurisdiction over the person to enter a money judgment." *Housing Authority v. Hudson,* 250 Ga. 109, 111 (296 SE2d 558) (1982). This holding is applicable to the circumstances in the case at bar. Thus, the trial court erred in dismissing the Housing Authority's claim for a money judgment. See *Housing Authority v. Sterlin,* 250 Ga. 95 (296 SE2d 564) (1982). To the extent Local Rule 38(e) of the State Court of Fulton County is in conflict herewith, said rule must yield. See *Auerback v. Maslia,* 142 Ga. App. 184, 187-8 (235 SE2d 594) (1977); *Fulton County v. Corp. &c. of Latter Day Saints,* 133 Ga. App. 847 (2) (212 SE2d 451) (1975).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 27, 1983.

*Alfred J. Turk III,* for appellant.
*Mary S. Birkett,* for appellee.