66129. STEVENS v. WAY.

SOGNIER, Judge.

Robert Way filed a dispossessory warrant against Paul Stevens to obtain possession of 1.8 acres of property in Liberty County, Georgia. The trial court denied Stevens' motion for summary judgment and the jury found for Way. Stevens appeals.

The land in question was originally owned by Ellen Roberts Stevens, who was the wife of appellant Stevens and the aunt of appellee Robert Way. In 1973 Mrs. Stevens had the property

transferred secretly to Way by warranty deed and had the deed recorded in January 1974. It was established at trial that neither Stevens nor Way was aware of this transfer until several days following Mrs. Stevens' death in 1980 when Way received the deed in the mail.

1. Appellant contends that the trial court erred by admitting, over objection, unsolicited hearsay testimony by John Underwood, the attorney who prepared the deed for Mrs. Stevens at her request. He testified that the decedent asked him not to call her at home when the deed was finished because she did not want her husband to know that she was deeding the property to Way.

OCGA § 24-3-2 (Code Ann. § 38-302) provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." Evidence adduced at trial established that the deed in question was properly executed, witnessed and recorded. Further evidence was introduced indicating that the deed had been mailed to appellee by the grantor prior to her death, thus completing delivery and placing ownership of the property in appellee. Underwood's testimony was not introduced into evidence for the purpose of establishing the fact that the deed had been made, but for the purpose of explaining the motive behind decedent's gift to appellee. This testimony was therefore admitted properly under the provisons of OCGA § 24-3-2 (Code Ann. § 38-302) as original evidence. *Edgeworth v. Edgeworth,* 239 Ga. 811, 812 (239 SE2d 16) (1977).

Although there was no enumeration of error as to the delivery of the deed, we note that the deed here was recorded six years before the grantor's death and that such recordation is prima facie evidence of delivery. *Corley v. Parson,* 236 Ga. 346, 347 (223 SE2d 708) (1976). In addition to this presumption of delivery, there was some evidence, although contradictory, which would justify the jury's finding that Mrs. Stevens mailed the deed to appellee before her death. Delivery would thus be complete even though the deed was not received and accepted by appellee until after the death of the grantor. *Allgood v. Allgood,* 230 Ga. 312 (1) (196 SE2d 888) (1973).

2. Appellant also contends that the trial court erred by allowing unsolicited testimony by Underwood after counsel for both parties stated that they had no further questions for him. The trial court has discretion in admitting legal evidence at any stage of the trial before the verdict is rendered. *Sims v. State,* 16 Ga. App. 211 (1) (84 SE 976) (1915). This court will not interfere with the trial court's exercise of its discretion unless it is plainly apparent that wrong has resulted from its abuse. *Scocca v. Wilt,* 243 Ga. 2, 3 (252 SE2d 401) (1979).

Appellant has made no showing that the trial court abused its discretion. Further, we find that Underwood's statements were made in response to questions posed by counsel or by the trial court.

3. Appellant further contends that the trial court erred when it refused to allow him to question Underwood out of the jury's presence as to the testimony which the court had just ruled admissible. This is not an instance where the surprise appearance of an unlisted witness requires a continuance in order for counsel to interview the witness. See *Nathan v. Duncan,* 113 Ga. App. 630, 641 (7) (149 SE2d 383) (1966); *International &c. Local 387 v. Moore,* 149 Ga. App. 431, 436 (10) (254 SE2d 438) (1979). In the absence of surprise of this type, we know of no requirement that appellant be allowed a "dry run" interrogation as to the testimony of appellee's witness.

4. Appellant enumerates as error the trial court's refusal to charge the jury on matters of fraud, laches, and resulting trust. A request to charge must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Downs v. Powell,* 215 Ga. 62, 65 (3) (108 SE2d 715) (1959). We find that the requested charges were not adjusted to the evidence or the issues involved in this case. The record is devoid of any evidence of the existence of a resulting trust. Nor was evidence introduced to support either the fraud or the laches charges. Thus, it follows that the trial court did not err in denying these charges. Id.

5. Lastly, appellant contends that the trial court erred by denying his motion for summary judgment based on his assertion that a dispossessory proceeding was inappropriate due to the absence of a landlord-tenant relationship between the parties. This contention is without merit. Although the relationship of landlord and tenant must exist before a dispossessory hearing can be held under OCGA § 44-7-50 et seq. (Code Ann. § 61-301 et seq.), *Crain v. Daniel,* 79 Ga. App. 647, 651-653 (54 SE2d 487) (1949), the provisions of OCGA § 44-7-50 (Code Ann. § 61-301) are clearly satisfied when the relationship between the parties is that of legal title holder and tenant at sufferance. *Kenner v. Kenner,* 92 Ga. App. 851 (90 SE2d 33) (1955). Appellant's legal right to possession ended when appellee became the legal title holder and appellant, as a tenant at sufferance, was subject to being summarily dispossessed. Id.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Stephen H. Harris,* for appellant.

*W. Ray Persons,* for appellee.