69594. RUTLEDGE v. COLONIAL FINANCIAL SERVICES, INC.
(327 SE2d 791)

SOGNIER, Judge.

Lizzie Mae Rutledge brought suit against Colonial Financial Services, Inc. for wrongful foreclosure and dispossession. The trial court's grant of summary judgment in favor of Colonial Financial Services was reversed by this court in *Rutledge v. Colonial Financial Svcs.*, 170 Ga. App. 317 (316 SE2d 867) (1984), which contains an exhaustive review of the facts in this case. Upon remittitur, the parties stipulated to the issue of fact upon which our reversal was based. The trial court then granted Colonial Financial Services' renewed motion for summary judgment. Rutledge appeals.

1. We have already decided appellant's first enumeration of error. *Rutledge,* supra at 318 (1).

2. Appellant contends the trial court erred by granting appellee's renewed motion for summary judgment. The trial court found that appellant was collaterally estopped or estopped by judgment from asserting her claim because of a consent order she entered into on January 16, 1981 in the municipal court of Columbus, Muscogee County, which incorporated by reference a September 5, 1980 order. Appellant argues that the September 5 order is not conclusive on her because the municipal court did not have subject matter jurisdiction over the issues established in that order. We disagree.

It is necessary to establish that the relationship of landlord and tenant exists between the parties in order to hold a dispossessory hearing pursuant to OCGA § 44-7-50 et seq. *Stevens v. Way,* 167 Ga. App. 688, 690 (5) (307 SE2d 507) (1983). A showing that one party is the legal titleholder of the property and the other party is a tenant at sufferance satisfactorily establishes that relationship. Id. The September 5 order found that appellee was the lawful assignee of a deed to secure debt executed by appellant in favor of Vinylgrain Industries of Georgia, Inc. (Vinylgrain) and conveyed by Vinylgrain to appellee. Since this proof of appellant's execution of the deed to secure debt was necessary to establish the landlord-tenant relationship between the parties in order to give the municipal court jurisdiction in the dispossessory action, the subject matter of the September 5 order was thus properly before the municipal court. See *Stevens,* supra.

Appellant's instant action for wrongful foreclosure and dispossession is predicated solely upon her contention that she did not execute the deed to secure debt to Vinylgrain and that no landlord-tenant relationship exists between her and appellee. These matters were previously litigated between the same parties by a court having jurisdiction over those matters and appellant is thus precluded from taking a position inconsistent with those matters previously determined. See *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343, 344 (2) (270 SE2d 883) (1980).

Therefore, because appellant's sole basis for her complaint against appellee was concluded contrary to appellant's position by her stipulations in the municipal court, the trial court did not err by granting summary judgment in favor of appellee.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1985.

*James A. Elkins, Jr.,* for appellant.
*Jacob Beil,* for appellee.