### 74091. WEST v. VETERANS ADMINISTRATION.
(357 SE2d 121)

BANKE, Presiding Judge.

West appeals the grant of a writ of possession to the Veterans Administration (VA) in an action by the VA to evict him from certain property.

The evidence adduced at the summary, non-jury dispossessory proceeding conducted pursuant to OCGA § 44-7-50 demonstrated that on January 9, 1978, the appellant and his then-wife conveyed a 1.11-acre tract of land to Phipps Harrington Corporation as security for a $55,000 debt. On April 5, 1983, the security deed, which was subsequently assigned to the Federal National Mortgage Association (FNMA), was foreclosed upon by FNMA, which then conveyed the property to the VA.

The Phipps Harrington security deed incorporated by reference a plat which erroneously identified the beginning point of the property. However, there was testimony from a civil engineering expert that this error did not prevent the boundaries of the tract of land from

being identified, and it was the VA's position that a brick house which West occupied was located on the tract. West, on the other hand, maintained that the house was situated on property owned by his mother and, based on this allegation, filed a counterclaim to recover for the VA's "wilful, wanton, intentional, malicious, and oppressive". misconduct in bringing the eviction action. The trial court granted summary judgment to the VA on this counterclaim and, following a non-jury trial, concluded that the VA was entitled to possession. This appeal followed. *Held*:

1. The appellant contends that no landlord-tenant relationship was shown to exist between the parties and that the action consequently should have been for ejectment, pursuant to OCGA § 44-11-1, rather than for possession, pursuant to OCGA § 44-7-50. We disagree.

The appellant conceded that it had been his intention to include the house in the property conveyed by security deed to Phipps Harrington, and the trial court was authorized to conclude from the evidence that the house was so included. It follows that when the appellant defaulted on the debt and the security deed was foreclosed upon, the relationship between the parties became that of landlord and tenant at sufferance. "As to the claim that no landlord/tenant relationship was shown to exist, it is well established that '[w]here the grantor, or his privy, in a security deed remains in possession of the premises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy.' [Cits.]" *Hyman v. Leathers*, 168 Ga. App. 112 (2) (308 SE2d 388) (1983). See also *Stevens v. Way*, 167 Ga. App. 688 (5) (307 SE2d 507) (1983). Moreover, "[c]laimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under [OCGA § 44-11-1]. [Cit.] The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside. [Cit.]" *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114 (2) (274 SE2d 34) (1980). Accordingly, the trial court did not err in issuing the writ of possession.

2. There is no right to trial by jury in a summary dispossessory action. See *Green v. Carver State Bank*, 178 Ga. App. 798 (3) (344 SE2d 507) (1986); *Taylor v. Carver State Bank*, 177 Ga. App. 856 (3) (341 SE2d 502) (1986). See generally OCGA § 44-7-53 (c). It follows that the appellant's demand for jury trial was properly denied.

3. Since the appellee prevailed in the main action, it necessarily follows that the appellant was not harmed by the trial court's refusal to entertain the appellant's counterclaim seeking to recover damages for abusive litigation. See generally *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 14, 1987 —
REHEARING DENIED MAY 1, 1987.

*John H. Calhoun, Jr.*, for appellant.
*William A. Erwin*, for appellee.