### 75304. BOOKER et al. v. TRIZEC PROPERTIES, INC.
(363 SE2d 13)

DEEN, Presiding Judge.

On July 1, 1983, the law firm of James Booker, P. C., executed a lease with Trizec Properties, Inc. (Trizec) for office space on the tenth floor of an office building on Peachtree Street. That written lease, which expired on June 30, 1985, provided that the lease would become a month to month tenancy at the expiration of the stated term, requiring thirty days' notice to terminate. Pursuant to this provision, on March 13, 1986, Trizec gave James Booker, P. C., which had remained in possession of the premises, notice to vacate by April 30, 1986.

Upon the protest of James Booker, P. C., that its status was that of tenant at will entitled to sixty days' notice, negotiations between Trizec and James Booker, as president of James Booker, P. C., resulted in an agreement that the law firm would vacate the tenth floor office space and move to a much larger office suite on the third floor, which he could occupy for May, June, and July 1986, rent-free. (This agreement was embodied in a letter dated May 20, 1986, prepared by Trizec's attorney, addressed to James Booker, but signed by James Booker as president of James Booker, P. C.) This agreement also provided that Trizec was willing to discuss a lease for the third floor space for some term following July 1986 but requested that any discussions be concluded by mid-June 1986.

No lease agreement was reached, but James Booker, P. C., did not vacate the premises on July 31, 1986. The next day Trizec demanded immediate possession of the premises, and repeated the demand on August 22, 1986, upon Booker's continued refusal to vacate. Trizec then commenced this dispossessory proceeding on August 26, 1986, against James Booker, individually. Trizec's subsequent motion to add James Booker, P. C., as a party defendant was granted on October 31, 1986, and James Booker, P. C., was duly served on November 19, 1986. The law firm remained in possession of the premises even up to the date of trial. Upon trial of the matter, Trizec was awarded a writ of possession and $10,262.76 for past rent due. This appeal by James Booker and James Booker, P. C., followed. *Held*:

1. The jury found that the fair market value of the third floor

office space in question was $14 per square foot, which was certainly within the range of evidence on that issue. It was undisputed that the third floor office suite actually contained 1,907 square feet. In determining the monthly fair market value, the trial court simply multiplied the square footage by the square foot rate. The appellants contend that, because not all of the new office space was used, the jury should also have determined the issue of the accountable square footage. Regardless of how much of the third floor office space was actually used by the law firm, by virtue of the holding over, Trizec was deprived of possession and use of the entire office suite. Accordingly, the trial court properly declined to allow the jury to consider discounting the amount of countable square footage.

2. A demand for possession is a condition precedent to the landlord's right to dispossess, and where a demand for possession is based on the termination of a lease, that demand should be made upon or after the termination of the lease. OCGA § 44-7-50 generally; see *Metro Mgt. Co. v. Parker*, 247 Ga. 625 (278 SE2d 643) (1981). The appellants contend that the two demands for possession made in August 1986 were nugatory because the tenancy at will between the parties had not yet terminated.

The agreement of May 20, 1986, between Trizec and James Booker or James Booker, P. C., provided for a definite term expiring on July 31, 1986. When that term expired with no further agreement having been made by the parties and with no further payment and acceptance of rent, a tenancy by sufferance resulted. See *Minor v. Sutton*, 73 Ga. App. 253 (1) (36 SE2d 158) (1945). The language in the agreement indicating a willingness to discuss a future lease for the third floor premises certainly did not constitute an agreement for a future lease that would create a tenancy at will. Cf. *Plank v. Bourdon*, 173 Ga. App. 391, 394 (326 SE2d 571) (1985). The August 1986 demands for immediate possession thus were valid.

3. The appellants also attack the sufficiency of service upon James Booker, P. C. The dispossessory originally was filed against James Booker, and the return of service indicates that Booker was served by "nail and mail" at the third floor office. Any possible issue of notice stemming from a deficient "nail and mail" service upon Booker individually was obviated by his timely answer to the summons. *Housing Auth. of Atlanta v. Sterlin*, 250 Ga. 95 (296 SE2d 564) (1982). There is no question that the service perfected upon James Booker, P. C., in November 1986 after the corporate entity was added as a defendant was sufficient.

In a related enumeration of error, the appellants contend that the trial court erred in allowing James Booker, P. C., to be added as a defendant pursuant to OCGA § 9-11-21. As noted by the appellants, that Code section was not intended to remedy the mistake of suing

the wrong party by allowing substitution of the right party. *Lamas Co. v. Baldwin*, 120 Ga. App. 149 (169 SE2d 638) (1969); *Nelson v. Sing Oil Co.*, 122 Ga. App. 19 (176 SE2d 227) (1970). However, the instant case involved purely an addition of another defendant, and not a substitution of defendants. There was no showing that the trial court abused its discretion in finding that the corporate entity would not be prejudiced by being added as a defendant and that Trizec had a valid justification for failing to name and serve the corporation originally, and thus we find no error. Cf. *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109 (2) (308 SE2d 211) (1983).

4. Following the close of the plaintiff's evidence, the trial court dismissed James Booker, individually, as a defendant, on the basis that the evidence clearly showed that any lease agreement or holding over had involved only James Booker, P. C. However, in its order and judgment entered ten days after the trial, the trial court found James Booker and James Booker, P. C., both to be liable, jointly and severally, because "James Booker is the alter-ego of the defendant James Booker, P. C., and as to this relationship the evidence has pierced the corporate veil." We agree with the appellants that the trial court erred in so entering judgment against James Booker, individually, after obviating any need of that defendant to address the issue at trial by virtue of its dismissal of the individual defendant after the presentation of the plaintiff's evidence. Moreover, we also agree that the evidence hardly pierced the corporate veil. Accordingly, the judgment of the trial court against James Booker, individually, must be reversed.

5. The remaining enumerations of error are without merit.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 15, 1987 —
REHEARING DENIED NOVEMBER 5, 1987 —

*James Booker*, pro se.
*William N. Withrow, Jr., Anne G. McGlamry*, for appellee.