75190. BINION et al. v. IVESTER.
(365 SE2d 515)

BANKE, Presiding Judge.

The appellee filed suit against the appellants to recover damages for their alleged conversion of certain items of personal property owned by her, consisting of furniture and household goods which she had left inside a house she had sold to them. A jury awarded her damages in the amount of $43,000 and also found in her favor on a counterclaim filed by the appellants. In this appeal from the denial of their motion for new trial, the appellants' sole contention is that the trial court erred in denying their motion for directed verdict with respect to the appellee's claim. *Held*:

The jury was authorized to conclude from the evidence that the appellants had entered into an oral agreement with the appellee at the time of the closing whereby they would retain possession of the personalty in question and would be entitled to use it without charge either until they reached an agreement with the appellee to purchase it from her or until the appellee returned to claim it. Such an agree-

ment would not have been inconsistent with any covenant contained in the deed and, being collateral to the transfer of the real estate, would not have merged with the deed. Accord *Cassville-White Assoc. v. Bartow Assoc.*, 150 Ga. App. 561, 563 (258 SE2d 175) (1979). Moreover, such an agreement would have been entirely consistent with the language of the sale contract, which contained the following special stipulation: "Purchaser to converse with seller regarding furniture items that could possibly remain and other negotiable items."

There was conflicting evidence on the issue of whether the appellee had manifested an intention to abandon the property in question, and the trial court was, of course, required to construe such evidence in favor of the appellee, as the party opposing the motion for directed verdict. See generally *Skelton v. Skelton*, 251 Ga. 631, 633 (4) (308 SE2d 838) (1983). For these reasons, we hold that the motion for directed verdict was properly denied.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 28, 1988 —
REHEARING DENIED FEBRUARY 9, 1988 —

*Gerald P. Word*, for appellants.
*Richard G. Smith, James H. Bone*, for appellee.