## 77361. KINNEY v. AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY et al.
### (377 SE2d 900)

CARLEY, Chief Judge.

Appellee-plaintiffs brought suit against appellant-defendant, seeking to recover for unpaid insurance premiums. Appellant answered, denying the material allegations of appellees' complaint. Thereafter, appellant was served with a set of interrogatories and requests for admission. One of appellees' interrogatories asked appellant to state "the factual basis for each and every defense you have to this presently pending action." In his sworn response to this interrogatory, appellant stated, in pertinent part, that he had not "authorized the coverage for which premium is sued upon."

Appellees filed a motion for summary judgment and supported their motion with the affidavit of their collection accountant. Appellees' affiant swore that she was familiar with the records of appellant's account and that those records reflected that appellant owed appellees for unpaid insurance premiums. Attached to the affidavit were copies of the records of appellant's account. Appellant did not respond to appellees' motion for summary judgment. Subsequently, the trial court entered an order granting appellees' motion. Appellant appeals from the trial court's order granting summary judgment in favor of appellees.

1. Appellant enumerates the grant of appellees' motion for sum-

mary judgment as error, urging that appellees failed to meet their burden of showing that no genuine issue of fact remained as to his liability for the indebtedness.

" '[Appellees], as movant[s] for summary judgment, [have] the burden of establishing the absence of any genuine issue of material fact and of [their] right to recover as a matter of law. [Cit.] The [appellant], as the [party] opposing the motion, [is] entitled to all favorable inferences and the evidence is to be construed most strongly in [his] favor. [Cit.] "(A)ll the evidence adduced on the motion, including the testimony of the party opposing the motion, must be construed most strongly against the movant." ' [Cit.]" *Hanover Ins. Co. v. Nelson Conveyor &c. Co.*, 159 Ga. App. 13, 14 (282 SE2d 670) (1981). Appellant, in his sworn response to appellees' interrogatories, stated that he had not authorized the purchase of the insurance coverage for which appellees were attempting to recover premiums. Compare *Clark v. Assurance Co. of America*, 156 Ga. App. 526 (2) (275 SE2d 111) (1980); *Ambrose v. E. F. Hutton & Co.*, 146 Ga. App. 403 (246 SE2d 423) (1978). Although appellees' records showed that they had charged appellant premiums for providing certain insurance coverage, appellees presented no evidence to show that appellant had authorized the purchase of the insurance coverage. If appellant authorized the coverage, appellees are entitled to be paid premiums for providing it. If, however, appellant did not authorize the coverage, appellees are not entitled to recover simply because their own records reflect that appellant was charged premiums.

The record is devoid of any evidence showing that appellant authorized the coverage. Since appellant's sworn statement that he never authorized the insurance coverage remains unrebutted, a genuine issue of fact exists as to appellant's liability. Accordingly, the trial court's grant of summary judgment was erroneous.

2. "Appellee[s have] filed with this court, pursuant to OCGA § 5-6-6, a motion for damages of ten percent of the judgment below for filing a frivolous appeal. Because we have found reversible error as to . . . the judgment, we must deny appellee[s'] motion." *Wisseh v. Bank of Credit &c. Intl.*, 173 Ga. App. 286, 287 (2) (325 SE2d 897) (1985).

*Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED JANUARY 10, 1989 —
REHEARING DENIED JANUARY 23, 1989.

*Harrison & Harrison, G. Hughel Harrison*, for appellant.
*Stokes, Lazarus & Carmichael, Marion B. Stokes III, Michael A.*

*Young*, for appellees.