A90A1565. BRANCH et al. v. WESAV FINANCIAL CORPORATION.
(401 SE2d 569)

CARLEY, Judge.
The relevant facts in this dispossessory proceeding are as follows: Appellant-defendants entered into a contract to purchase a mobile home. Although the sale was conditional upon appellee-plaintiff's approval of appellants' credit application, the mobile home was nevertheless delivered to appellants before that condition had been satisfied. When appellants' credit application was subsequently disapproved, appellee demanded the return of the mobile home. Appellants refused the demands and appellee initiated this dispossessory proceeding pursuant to OCGA § 44-7-50 et seq. The trial court granted appellee a writ of possession and appellants appeal.

"Under [OCGA § 44-7-50], before the plaintiff is entitled to recover, he must show that the defendant is in possession of the premises as his tenant. [Cits.]" *Williams v. Stark*, 75 Ga. App. 668, 669 (1) (44 SE2d 300) (1947). "[T]he relationship of landlord and tenant must exist before a dispossessory hearing can be held under OCGA § 44-7-50 et seq. . . ." *Stevens v. Way*, 167 Ga. App. 688, 690 (5) (307 SE2d 507) (1983). "The relationship of landlord and tenant is created when the owner of real estate grants to another person, who accepts such grant, the right simply to possess and enjoy the use of such real estate either for a fixed time or at the will of the grantor." OCGA § 44-7-1 (a). Although appellee relies upon a contract to evidence its relationship with appellants, it is *not* a contract for the *lease of real property*. The contract is a conditional contract for the *sale of personal property*. Appellants have never been tenants of any realty that is owned by appellee, but are merely in possession of an item of personalty the title to which never passed to them under the terms of the conditional sales contract. It follows that the trial court erred in granting appellee a writ of possession. See *Sanders v. Hughes*, 183 Ga. App. 601, 602 (1) (359 SE2d 396) (1987). Appellee's remedy for the return of its personalty is an action in trover pursuant to OCGA § 44-12-150 et seq. See generally *Binion v. Ivester*, 185 Ga. App. 759 (365 SE2d 515) (1988).

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

Decided January 17, 1991.

*Griner & Alderman, Elsie H. Griner*, for appellants.
*Alan H. Swan*, for appellee.