## A91A1150. PULLIAM v. NICHOLS.
(413 SE2d 215)

COOPER, Judge.

This is an appeal from the trial court's orders denying opening of default and entering default judgment against appellant.

The parties have stipulated to the following facts: Appellee filed suit against appellant on June 15, 1990, for sums due under a construction contract. The complaint and summons were personally served on appellant at his business address on June 27, 1990. Appellant alleges that he gave instructions to his office manager to promptly transmit the service copy of the complaint and summons to

his attorney for response. Prior to the filing of the suit by appellee, counsel for both parties had been involved in negotiations to resolve the dispute. No courtesy copy of the complaint or notice of the suit was given to appellant's counsel until after the action had gone into default. Although appellant's office manager acknowledges that she was allegedly instructed by appellant to deliver the complaint to appellant's counsel, no copy of the complaint was received by appellant's counsel. Appellant did not attempt to contact his counsel about the action from June 27, 1990, until after September 10, 1990. Appellant asserts that he made no inquiry because he relied upon the transmission of the complaint to his attorney by his office manager. Actual notice of the suit was received by appellant's counsel by verbal notice from appellee's counsel on September 10, 1990. On that same day, appellant's counsel informed appellant, through his office manager, of the default and requested instructions regarding the filing of a motion to open default. One week later, appellant told his attorney that he would have instructions for him by September 22, 1990. On October 5, 1990, a motion to open default was filed on behalf of appellant. That motion was denied, and default judgment was entered on December 5, 1990. The trial court found that appellant's failure to timely forward the complaint and summons to his attorney due to a mix-up in appellant's office does not constitute excusable neglect, providential cause or a proper case for the opening of default under OCGA § 9-11-55 (b).

Appellant raises three related enumerations of error, contending that the trial court erred in denying appellant's motion to open default judgment and in entering default judgment against appellant. "Pursuant to OCGA § 9-11-55 (b), a prejudgment default may 'be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. (Cit.)' [Cit.]" *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828, 834 (4) (360 SE2d 280) (1987). "Opening a default is a matter resting within the sound discretion of the trial court which will not be disturbed absent an abuse of discretion. [Cit.]" Id. The trial judge did not abuse his discretion in the instant case. Based on the facts as stipulated by the parties, we cannot conclude that either providential cause or excusable neglect was the reason behind the default of appellant. For two-and-one-half months, appellant neither followed up with his office manager nor with his attorney to determine the status of the case. " 'The press of business . . . is no ground to open a default.' [Cit.]" *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730 (391 SE2d 707) (1990). Further, in the answer submitted by appellant,

which was not verified, appellant provided no facts or explanation supporting his defenses, but merely asserted that appellee failed to state a claim and that appellee was barred from recovery by the doctrine of equitable estoppel. Appellant submitted no other sworn statement setting forth his meritorious defense. Thus, in any event, the trial court was without discretion to grant appellant's motion to open default. See *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345 (1) (398 SE2d 297) (1990).

Appellee filed a motion for damages for a frivolous appeal pursuant to OCGA § 5-6-6. "Our review of the record and the arguments of counsel has persuaded us that although none of appellant's enumerations of error was meritorious, neither were they so specious as to warrant the conclusion that this appeal was taken for the purpose of delay only. Appellee's motion is, therefore, denied." *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506, 509 (10) (305 SE2d 14) (1983).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1991 —
RECONSIDERATION DENIED NOVEMBER 27, 1991 — 

*John P. Howell*, for appellant.
*Samuel D. Ozburn*, for appellee.

