A93A1083. BROWNING v. FEDERAL HOME LOAN MORTGAGE CORPORATION.
(435 SE2d 450)

BIRDSONG, Presiding Judge.

This is a pro se appeal by Ella Browning from an order granting

writ of possession, and ostensibly from the denial of a motion for new trial and extraordinary new trial in a dispossessory suit. Appellee Federal Home Loan Mortgage Corporation foreclosed upon the residential property in question; at the time of foreclosure, appellant occupied the premises pursuant to an agreement with the former owner. After demanding possession, appellee filed a dispossessory warrant seeking possession of the property and no personal money judgment against appellant. Appellant's answer raised no defenses to the dispossession. The state court entered an order granting appellee a writ of possession. *Held*:

1. Appellee's motion for contempt, motion for damages (frivolous appeal), and supplemental motion for damages (frivolous appeal) are denied. See generally *Pulliam v. Nichols*, 202 Ga. App. 95, 97 (413 SE2d 215).

2. Appellant has not established by the record that the trial court erred in failing to enter timely findings of fact and conclusions of law, pursuant to OCGA § 9-11-52. The record does not reflect that appellant made a timely request for entry of such findings and conclusions. See generally OCGA § 9-11-52 (a). Both error and harm must be affirmatively shown by the record. *Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892). Further, OCGA § 44-7-56 merely authorizes the trial court to enter findings of fact and conclusions of law, within a 15-day time period, either sua sponte or after receiving a timely request for such entry pursuant to OCGA § 9-11-52 (a).

3. Appellant asserts the trial court erred by failing to dismiss the action upon appellee's failure to show that defendant "John Doe and Others" were tenants within the meaning of OCGA § 44-7-50 et seq.

" 'The defense of lack of landlord-tenant relationship is a proper defense to a dispossessory action (and) if the defendant so answers, a trial of the issues raised shall be had in a civil court of record. OCGA § 44-7-53.' " *Thomas v. Wells Fargo Credit Corp.*, 200 Ga. App. 592, 594 (3) (409 SE2d 71). Appellee/plaintiff averred in its affidavit in support of writ of possession that "John Doe and all other occupants, defendant[s] herein, [are] in possession as . . . tenant at sufferance, as a result of foreclosure sale 10/6/92, of [said house and premises at issue], the property of said plaintiff, (that said tenant is holding said house and premises over and beyond the date of foreclosure)." Appellant Ella Browning filed a handwritten pro se answer averring that she was under contract to purchase the property "before foreclosure" to protect her interest in the property. Appellant subsequently filed a pro se typewritten amendment to answer and counterclaim, "without deleting any statement from the original answer." In the purported amendment to answer, appellant includes, albeit unartfully, a motion to dismiss on grounds, inter alia, that the action is a nullity as the named defendant "does not connote a contracting party or one hold-

ing under a contracting party." However, subsequently in her brief, appellant concedes that she, Ella Browning, is "the resident in the premises" at issue. The effect of appellant's concessions and procedural posturing was to fail to deny effectively, notwithstanding certain contradictory general denials averred in the amended answer, that appellee was owner of the premises by reason of foreclosure and that appellant was in possession of the premises as the resident as a tenant in sufferance. "Although the relationship of landlord and tenant must exist before a dispossessory hearing can be held under OCGA § 44-7-50 et seq. . . . the provisions of OCGA § 44-7-50 . . . are clearly satisfied when the relationship between the parties is that of legal title holder and tenant at sufferance. . . . Appellant's legal right to possession ended when appellee became the legal title holder and appellant, as a tenant at sufferance, was subject to being summarily dispossessed." *Stevens v. Way*, 167 Ga. App. 688, 690 (5) (307 SE2d 507). " 'As to the claim that no landlord/tenant relationship was shown to exist, it is well established that "(w)here the grantor, or his privy, in a security deed remains in possession of the premises after lawful foreclosure of the deed, he is a tenant at sufferance and is subject to be summarily dispossessed by the purchaser at the foreclosure sale, or by his privy." . . .' " *West v. Veterans Admin.*, 182 Ga. App. 767, 768 (357 SE2d 121). Thus, "[a] showing that one party is the legal titleholder of the property and the other party is a tenant at sufferance satisfactorily establishes" the requisite relationship. *Rutledge v. Colonial Financial Svcs.*, 173 Ga. App. 662, 663 (327 SE2d 791). *Thomas*, supra, is not controlling, as appellant failed to answer and effectively deny that a landlord-tenant relationship exists, particularly in view of the admissions supporting appellee's averment of ownership, and appellant's concession of continued residence on the premises. Moreover, in the absence of a transcript, we must presume the evidence was sufficient to support the judgment of the trial court. *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 4, 1993 —
RECONSIDERATION DENIED AUGUST 24, 1993 

Ella Browning, *pro se.*
Schreeder, Wheeler & Flint, Debbie A. Wilson, Lawrence S. Burnat, for appellee.