A99A1614. GOOD OL' DAYS COMMISSARY, INC. v. LONGCRIER FAMILY LIMITED PARTNERSHIP I.

(522 SE2d 249)

McMurray, Presiding Judge.

Appellee-plaintiff Longcrier Family Limited Partnership I (the "Partnership") commenced this dispossessory action to obtain possession of certain real property it owned (the "Premises") from the appellant-defendant Good Ol' Days Commissary, Inc. (the "Commissary").

Title to the Premises was deeded to Jane C. Longcrier in 1957 by Lester C. Hardeman. Subsequently, Longcrier leased the Premises to her parents, William M. Cason and Ruth R. Cason, for a term of 40 years from April 1, 1963, or during their lifetimes. The lease provided that "[s]hould both [the Casons] die before the expiration of the forty (40) year period of this lease, then said lease shall terminate immediately." The lease further authorized the Casons to sublease all or a portion of the Premises.

In 1977, the Casons sublet their interest in the Premises to the Commissary, then known as P.M.A., Inc., by a document denominated "Lease Contract." The sublease specified that the relationship between the parties was that of landlord and tenant and provided that "no estate shall pass out of Landlord. Tenant has only a usufruct, not subject to levy and sale, and not assignable by Tenant except by Landlord's consent."

William M. Cason died on January 23, 1981. Ruth R. Cason died approximately 16 years later on December 13, 1996. By letter dated January 15, 1997, counsel for Longcrier notified the Commissary that the Casons' lease had terminated upon Mrs. Cason's death, terminating the Commissary's rights in its sublease from the Casons. The letter further provided that Longcrier was willing to discuss leasing the Premises to the Commissary directly on commercially reasonable rental terms. Negotiations followed but ended unsuccessfully 13 months later.

On or about February 5, 1998, Longcrier[1] conveyed her interest in the Premises to the Partnership by a recorded quitclaim deed and assigned her claims against the Commissary to the Partnership by assignment agreement. Thereafter, the Partnership demanded pos-

---

[1] Jane C. Longcrier has since died.

session of the Premises from the Commissary.

The Partnership filed the instant dispossessory action upon the ground that the Commissary had been a tenant at sufferance on the Premises from December 14, 1996, and refused to relinquish possession of the Premises despite demands to do so. The Commissary filed its answer and counterclaim which, in addition to asserting its denials, defenses, and a counterclaim for malicious use and abuse of civil process, admitted that it was in possession of the Premises and had failed and refused to deliver possession thereof.

Thereafter, the Partnership gave further demand for possession of the Premises, and without prejudice to its claim that the Commissary was its tenant at sufferance, provided the Commissary 60 days notice of termination. After such notice of termination expired, the Partnership again demanded possession of the Premises and amended its affidavit in the instant action to assert that the Commissary was continuing to hold over on the Premises as a tenant at sufferance or a tenant at will and was further indebted to the Partnership for the reasonable value of rent accrued from the date the original affidavit was filed.

The trial court granted partial[2] summary judgment to the Partnership on the issue of possession, implicitly denying the Commissary's oral motion to dismiss made at the hearing on the Partnership's motion for partial summary judgment, and the Commissary appeals. *Held*:

1. The Commissary contends the trial court erred in granting partial summary judgment to the Partnership, arguing the Partnership, as Longcrier's successor in interest, is not the true owner of the Premises. In this regard, the Commissary challenges the validity of the Partnership's title in the Premises asserting: Longcrier held title to the Premises in constructive trust for the Casons only; equitable title to the Premises resided in the Casons for their unrenounced exercise of total dominion and control over the Premises; Longcrier held a reversionary estate in the Premises under OCGA § 44-6-60 in that the duration of the lease as in excess of five years "presumptively" made it an estate for years; and Longcrier held less than a life estate in the Premises because she leased the Premises to the Casons "specifically" authorizing them to sublease the Premises beyond the term of the lease, she "accepted" the Commissary's January 1997 rental payment, ratifying a sublease of the Premises beyond the term of the lease, and she was bound to the term of the sublease under OCGA § 44-7-3 in that the Casons had entered into the sublease as

---

[2] The Partnership does not seek summary judgment as to the total amount of rents which are due and owing by the Commissary.

her agents. These arguments are without merit. "[C]laimed defects in the landlord's title to premises cannot be raised as a defense to a proceeding for possession under OCGA § 44-7-50 et seq. . . ." (Citations and punctuation omitted.) *Dodson v. Farm & Home Sav. Assn.*, 208 Ga. App. 568, 569 (430 SE2d 880); see also OCGA § 44-7-9. It is not germane to a dispossessory proceeding to allege that the contract under which the plaintiff claims to derive title from the defendants is void and should be canceled. *Womack v. Columbus Rentals*, 223 Ga. App. 501, 503 (3) (478 SE2d 611).

The Partnership initially brought the instant summary dispossessory action asserting that the Commissary is a tenant at sufferance for having failed and refused to comply with its demand for possession of the Premises. In order to prevail thereon, the Partnership had the burden of establishing: (1) that the parties stood in the relation of landlord and tenant, *Branch v. Wesav Financial Corp.*, 198 Ga. App. 347 (401 SE2d 569); and (2) that a demand for possession had been made of the tenant. *Booker v. Trizec Properties*, 184 Ga. App. 782, 783 (2) (363 SE2d 13), cert. denied, 184 Ga. App. 909.

> "Although the relationship of landlord and tenant must exist before a dispossessory hearing can be held under OCGA § 44-5-50 et seq.[,] . . . the provisions of OCGA § 44-7-50 . . . are clearly satisfied when the relationship between the parties is that of legal title holder and tenant at sufferance. . . . Appellant's legal right to possession ended when appellee became the legal title holder and appellant, as a tenant at sufferance, was subject to being summarily dispossessed." *Stevens v. Way*, 167 Ga. App. 688, 690 (5) (307 SE2d 507).

*Browning v. Fed. Home Loan Mtg. Corp.*, 210 Ga. App. 115, 117 (3) (435 SE2d 450); see also *Rutledge v. Colonial Financial Svcs.*, 173 Ga. App. 662, 663 (2) (327 SE2d 791) ("A showing that one party is the legal title holder of the property and the other party is a tenant at sufferance satisfactorily establishes [the landlord-tenant] relationship.").

In its brief on appeal, the Commissary admits that the Partnership holds legal title to the Premises. Such title in the Premises is also established in the record by certified copies of deeds reflecting Longcrier's acquisition of the Premises on January 18, 1957, and her later transfer thereof to the Partnership on February 5, 1997. See *Bacon v. Howard*, 152 Ga. 616, 617 (2) (110 SE 888).

The Commissary's status as a tenant at sufferance is established in the record as a matter of law. The Casons' interest in the Premises in the nature of a leasehold life estate, terminated upon Mrs. Cason's

death on December 13, 1996. *Raulerson v. Smithwick*, 263 Ga. 805, 806 (440 SE2d 164) (life estate granted to two persons for their joint lives terminates upon death of survivor, unless granting instrument expressly provides for earlier termination). As a subtenant of joint life tenants, the Commissary's interest in the Premises was likewise terminated and rendered void after Mrs. Cason's death, because, unless expressly granted such authority, the life tenant has no power to lease the property beyond his own term. *Phillips v. Sexton*, 243 Ga. 501, 504-505 (255 SE2d 15). Since the Commissary remained in the Premises without title or interest therein after Mrs. Cason's death, its claim was automatically converted to a tenancy at sufferance, without any title or interest in the property. *Dwyer v. McCoy*, 236 Ga. App. 326, 328 (2) (512 SE2d 70); *Fallin v. Rule*, 194 Ga. App. 865, 866 (392 SE2d 314).

The undisputed evidence is that the Partnership made demand for possession of the Premises and that the Commissary refused. Moreover, the Partnership was not obligated to make formal demand for possession of the Premises, since the Commissary's conduct evidenced an intent not to vacate the Premises without resort to the judicial process. See *Henderson v. Colony West, Ltd.*, 175 Ga. App. 676, 678 (2) (332 SE2d 331).

> On motion for summary judgment, the burden is on the movant, [the Partnership], to establish the absence of any genuine issue of material fact and its right to recover as a matter of law. OCGA § 9-11-56 (c); [*Kinney v. American Mfg. Mut. Ins. Co.*, 189 Ga. App. 882, 883 (377 SE2d 900)]. The party opposing the motion, [the Commissary], is entitled to all favorable inferences and the benefit of every doubt, and the evidence is construed most strongly in its favor.

*Dixieland Truck Brokers v. Intl. Indem. Co.*, 210 Ga. App. 160, 163 (3) (435 SE2d 520).

When the undisputed material facts are viewed in the light most favorable to the Commissary, we conclude the trial court properly granted partial summary judgment to the Partnership on the issue of possession.

2. In light of our disposition of Division 1, the remaining contentions have been rendered moot. OCGA § 5-6-48 (b) (3).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 2, 1999 —
RECONSIDERATION DENIED SEPTEMBER 21, 1999 — ▮▮▮▮▮▮▮▮

*Richard A. Gordon,* for appellant.

*Long, Aldridge & Norman, Robert A. Bartlett, David N. Stern,* for appellee.